LEWIS M. POLLOCK v. THOMAS WILCOX and JOHN ANDREWS.

When the contents of a writing come collaterally in question, such writing need not be produced, but parol evidence as to its contents will be received.

Where two notes, a part of the consideration in the purchase of a tract of land, had been destroyed by the payer after a settlement, in the usual course of business : *Held*, that such need not be produced on a trial, impeaching the consideration of the deed for fraud, and that parol testimony of their con-tents was properly allowed. *Quere*, as to the admissibility of the evidence, if the notes had not been lost ?

(*Reynolds* v. *Magness*, 2 Ired. 26 cited and approved; *White* v. *White*, 13 Ired. 265 cited and commented on.)

CIVIL ACTION to recover possession of land and damages, tried before *Clarke, J.*, at JONES Superior Court, Fall Term, 1872.

The plaintiff claimed the land in question under a deed from the Sheriff of Jones county, who sold the same under a judgment and execution for $1,004 against the defendant Wilcox, issued from the Superior Court of said county, at Spring Term, 1870. The plaintiff showed that Wilcox was in possession of the land at the time of the Sheriff's sale, and remained in possession until the 1st of January, 1872.

The defendant Andrews, who, on motion, had been made party defendant, read in evidence a deed from the other defendants, Wilcox and his wife, made to him 24th November, 1868, for the land in dispute, which deed had been duly proved, and registered in December following ; and in which a consideration of $1,750 was acknowledged to have been received. It was also in evidence, that immediately after the execution of the deed and the private examination of the wife, at the residence of one Mrs. Franks, the grantor and grantee, the present defendants, went to the house of W. H. Bryan, the Register of Deeds of Jones County, a short distance across the street, to get him to calculate the interest on two notes, which Wilcox, the grantor, had agreed to receive in part payment for the land ; that immediately upon the calculation of the interest, Andrews, in the presence of Bryan, paid Wilcox $200 in cash, and the balance of the first payment, to-wit : $250, he paid in the notes of Wilcox, and one Neathercut, the payment of the latter being by him, the said Andrews, guaranteed. At the same time, he gave Wilcox two notes, for $650 each. Plaintiff objected to the introduction of parol evidence concerning these notes, which objection being overruled, he excepted.

The defendant, Andrews, further proved, that in 1871, he paid Wilcox the amount of the two notes for $650 each, in the following manner, to-wit : $740 in cash ; three notes on Wilcox for $90 each, given by him for the rent of the land for the years 1869–'70–'71, and a note on W. H. Bryan and Wm. Foy for the balance. The latter note was proved to be good. It was also in evidence that when Andrews took up the notes of $650 each, he destroyed them. The plaintiff again excepted to his Honor's allowing the witness to to speak of the notes, unless they were produced. It appeared from the evidence that $1,750 was a fair price for the land ; that Andrews since his purchase of the land had rented a part thereof to Wilcox, who was his brother-in-

law, for $90 *per annum*, and that during his tenancy, Wilcox had set out a few apple trees on the place, which he obtained from a neighbor.

In reply to some of the foregoing testimony, the plaintiff proved that Wilcox had said to him, when he signed the note as surety, upon which judgment was obtained and the land sold and bought by the plaintiff, as appears in the beginning of this statement, that he, Wilcox, "never expected to pay it."

His Honor charged the jury, that the party alleging fraud is bound to prove it; and that the plaintiffs must by facts and circumstances show to the satisfaction of the jury, that the defendants have been guilty of fraud in devising and executing the deed from Wilcox to Andrews, which, if the plaintiff fail to do, he cannot recover. Conveyances made to hinder, delay or defraud creditors are void. So, too, are all conveyances made by men in failing circumstances, as to creditors, to be looked upon with suspicion and jealousy; and likewise those between near relations. If the transaction is secret, or attended with other suspicious circumstances, if there be a gross inadequacy of price, if the seller continues in possession of the property, using it as his own, without any satisfactory explanation, all are viewed with suspicion when the rights of creditors are concerned. But no one of these suspicious circumstances or badges of fraud is sufficient of itself, simply and alone, to invalidate a conveyence. That the fact of their being creditors will not invalidate it, nor can it be left to a jury to find fraud from that circumstance. That our Supreme Court has held, in *White's* case, 13 Ired. 265, "that a fraudulent conveyance for a fair price, *bona fide* paid, conveys a good title."

If then, upon a candid consideration of all the facts and circumstances, the jury shall be satisfied that the transaction between Andrews and Wilcox was a *bona fide* transaction, for a fair price, then they will find for the defendants,

but if the jury find that the transaction was a sham, a fraud, or a device to cover up the property of Wilcox, for the purpose or defrauding or hindering his creditors in realizing their claims against him, then the plaintiff is entitled to their verdict.

Verdict for the defendants. Motion for a new trial; motion overruled. Judgment against plaintiff for costs, from which he appealed.

*J. H. Haughton* and *Hubbard,* for appellant.
*Green,* contra.

RODMAN, J. The plaintiff says, that the deed from Wilcox to Andrews was fraudulent as to the creditors of Wilcox; among other reasons, because no value, or an insufficient one, was paid. In reply to this, the defendant Andrews offered evidence to prove that immediately upon the execution of the deed, he paid to Wilcox certain money and certain notes previously made by Wilcox to other persons, and also executed to Wilcox two notes for $650 each, all of which taken together made a full price for the land. The evidence respecting these two notes was objected to by the plaintiff, because they were not produced, or their absence accounted for. The question of the competence of the evidence is not affected by the rule, that parol evidence shall not be received to vary a written contract, for that was not the object of the evidence, and moreover, that rule applies only when the controversy is between the parties to a contract, and not to a controversy between strangers, or between a stranger and a party to the contract. 1 Gr. Ev. 275, 279. *Reynolds* v. *Magness,* 2 Ired. 26.

It is a general rule, however, that every party alleging a fact must prove it by the best evidence of which the case is in its nature susceptible. For example, if the question (even between strangers) be as to the contents of a writing, by the

production of the writing itself, if within his power.   But if it be shown that the writing has been lost and cannot be found after diligent search, or has been destroyed, or is in possession of the opposite party, who refuses to produce it, secondary evidence of its contents may be given, even when the contents are directly in issue.   The exceptions are more numerous when the question is only a collateral one, as in this case.   I find it decided, that one party may prove the admission of the opposite party, that he had a lease, or a note, &c.   1 Gr. Ev. s. 97; and also, when the contents of a writing come thus collaterally in question, the writing may be proved otherwise than by the subscribing witness.   1 Gr. Ev. s. 573, b.   But I have found no authority to cover the precise point now made.   Something might be said, in the way of reasons, on both sides of the question.   But it is unnecessary to decide on it.   For even if the evidence was improperly admitted, when it was first offered and objected to, it certainly became admissible as soon as it appeared that the notes had been paid and destroyed.   At the stage of the trial when it was objected to a second time, the Judge was obliged, on the *prima facie* evidence of the destruction, to hold as he did, that the secondary evidence was admissible; and, it is evident, that it could make no difference to the plaintiff whether the evidence was admitted at the one stage of the trial or the other.

But, upon this point the plaintiff says, that the secondary evidence was incompetent upon a principle for which he cites 1 Gr. Ev. s. 558, as follows: " Where the party voluntarily destroys written evidence in his favor, he cannot be allowed to give evidence of the contents of such writing, in a suit in his own favor, founded upon the writing, without first introducing evidence to rebut any inference of fraud, arising from his destroying such written evidence." The reason on which this rule is founded, evidently is, that where a party voluntarily destroys written evidence in his

favor, it is a *spoliation*, and could be done only for the fraud-ulent purpose of falsifying the contents of the document by parol evidence. 1 Gr. Ev. s. 31. The rule cannot apply to a case in which the writing destroyed was destroyed when it was not, and was not likely to become evidence in the party's favor, and was destroyed in the usual course of bus-iness, and had no value; as for example, a note paid and delivered up to the maker. Such a destruction cannot be held fraudulent.

2. The plaintiff excepts to the instructions of the Judge below. His Honor says: "Conveyances made to hinder, delay or defraud creditors are void, and all conveyances by men in failing circumstances are, as to creditors, to be re-ceived with suspicion and jealousy. So under the like cir-cumstances, conveyances and transactions between near relations; so if the transaction is secret or attended with suspicious circumstances; so if there is a gross inadequacy of price; so if the seller continues in possession of the property, using it as his own without explaining the pos-session satisfactorily. *But on one of these suspicious circum-stances is sufficient of itself singly and alone to vitiate a convey-ance.*"

As a general statement of the law, this is correct. No one of the circumstances mentioned, in the absence of all others, is fraud in law, so as to authorize a Judge to pronounce a transaction in which it exists, necessarily void, or to in-struct a jury that it must be, as evidence, conclusive with them. It is true, that we may conceive of a case where the inadequacy of consideration was so great as to be of itself as conclusive of fraud as if the conveyance was purely vol-untary. But the Judge was speaking with reference to the evidence in the case, and it was in evidence that if the two notes were *bona fide,* and reckoned as part of the con-sideration, it was not inadequate. As to the other circum-stances mentioned by the Judge, it is scarcely possible that

they should exist alone, and unaffected by one or more of the others.  For instance, a son in failing circumstances makes a conveyance to his father; it must almost necessarily appear whether or not a fair price was paid, and whether or not the vendor remained in possession, or some other circumstance bearing on the question.  The law does not give an artificial or technical weight to any of these circumstances; they are matters of evidence, each and all to be weighed by the jury, and their verdict must be upon a consideration of all the facts in evidence.  This we think was in substance the charge of his Honor.

3. The plaintiff further excepts to the charge of his Honor, that he erred in saying that this Court had held in *White* v. *White*, 13 Ired. 265, that "a fraudulent conveyance for a fair price, *bona fide* paid, conveys a good title."  His Honor was misled by the inaccurate and rather unintelligible syllabus of the reporter to the case.  The sentence is so obscure that it may be right or wrong, according to the meaning given to it.  We think, that taken in connection with the rest of his instructions, which were sufficiently clear, the jury could not have been misled.

Judgment affirmed.  Defendant Andrews will recover his costs.

PER CURIAM.                    Judgment affirmed.