### STATE v. WARREN CARTER.

Upon an indictment for larceny and receiving stolen Treasury notes: *Held*, that it was error to admit evidence showing, "that shortly after the alleged stealing, the defendant purchased several articles at a store, and that witness saw a number of bills in the pocket book of the defendant, of what denomination, he was ignorant."

(*Mathews* v. *Mathews* 8 Jones 182; *Cobb* v. *Fogleman*, 7 Ired. 440; *State* v. *Allen*, 8 Jones, 257; *Pollock* v. *Pollock*, 68 N. C. Rep. 46, cited and approved.)

INDICTMENT for Larceny and receiving stolen goods, tried before *Cloud, J.*, at the Spring Term, 1874, of the Superior Court of DAVIE County.

The defendant was tried upon an indictment containing two counts; one for stealing certain United States Treasury notes and Fractional Currency notes, the property of the prosecutor, one Lemon Shell; and the other for receiving the same, knowing the notes, &c., to have been stolen.

On the trial, the State proved by one Mary March, a colored woman, that she herself stole the money from the prosecutor, with whom she was living, acting under the persuasion of the defendant, with whom it appeared she was improperly co-habiting, and that she gave the defendant most of it.

It seems that her examination at the time of her arrest was taken down in writing, and some questions arose as to the necessity of introducing such written examination to corroborate the

statement she made on the trial. The decision of his Honor, objected to by the prisoner in relation to the matter, need not be stated, as the case went off in this Court upon another point, in no way connected with it.

The Solicitor, with other witnesses introduced one Wm. Bailey, who proved that the defendant, a short time after the larceny was committed, came to his store and purchased several articles; and that when the defendant went to pay for the same, he, the witness saw several bills of money in his pocket-book, but that he did not notice the denomination of them. This evidence was objected to by the defendant, but was received by the Court, whereupon the defendant excepted.

Under the instructions of his Honor, the jury returned a general verdict of "guilty." Motion for a new trial; motion overruled. Judgment and appeal by defendant.

*McCorkle & Bailey*, for defendant.
*Attorney General Hargrove*, for the State.

BYNUM, J. The count in the indictment against the prisoner, relied upon by the State, is that which charges him as the receiver of stolen property, knowing it to have been stolen, to-wit: A specified number of United States notes of five dollars each, of one dollar each, and of fifty cents each. In support of the charge, among other things the State offered to prove by one William Bailey that "a short time after the larceny, the prisoner came to his store and purchased several articles, and he saw several bills of money in his pocket-book, when the prisoner went to pay him, but did not notice the denomination of them." This testimony was objected to by the prisoner, but admitted by the Court. Was this error?

The rule of evidence as to its admissibility is, that "testimony which raises a mere conjecture, ought not to be left to a jury, as evidence of a fact which a party is required to prove. *Matthews* v. *Matthews*, 3 Jones, 132; *Cobb* v. *Fogleman*, 1 Ired., 440; *State* v. *Allen*, 3 Jones, 257. The State here

was required to prove that the prisoner received the stolen "Treasury notes" described in the indictment. The evidence admitted to establish this fact, was that the prisoner was seen in a store, a short time after the larceny, whether a day, a week, or a month after, is not stated, that he purchased several articles and had some "bills of money," neither the amount or denomination of which was seen. Was the sum of money seen with the prisoner, unusual in amount ? Was any of it, of the denomination of that which was stolen ? Was there any incident, connected with the store transaction calculated to raise even a suspicion against him ? A man is seen in a store, having some money and making some, we are to assume ordinary purchases, in the usual course of business. The circumstance of his having some money, was one common to all persons, who use a circulating medium and was unaccompanied by a single mark or incident, which distinguished his possession from that of others, of a similar sum of money. If the prisoners had been indicted for stealing wearing apparel, it would have been just as competent for the State to prove, that a short time after the larceny, the prisoner was seen dressed in a suit of clothes. The evidence admitted not only does not tend to establish the fact to be proved, but does not afford a rational ground of conjecture of his guilt. What effect this testimony had upon the jury, if any, we have no means of knowing. But as it may have misled them to the prejudice of the prisoner, and was improperly admitted, there must be a *venire de novo.* It is unnecessary to, and we do not decide the other exceptions ; but Starkie on Evidence, 335, and *Pollok* v. *Pollok,* 68 N. C. Rep. 46, seem to hold that where the contents of a writing come collaterally in question only and are not material to the issue, such writing need not be produced, but parol evidence of its contents may be given.

PER CURIAM. *Venire de novo.*