## W. C. STRONACH & CO. v. M. A. BLEDSOE.

*Practice—Right to Open and Conclude—Note—Consideration.*

1. Plaintiff alleges non-payment of note ; defendant admits its execution and avers that the consideration thereof was an article bought of plaintiff and warranted by him to be good, but which turned out to be worthless, and sets up counterclaim for alleged losses in its use ; *Held*, the admission in the answer established a *prima facie* case for plaintiff, and the *onus* rested on defendant, thereby giving him the right to open and conclude.

2. An unsealed note which upon its face states a consideration, or to be for "value received," furnishes proof *primâ facie* of a consideration to support it.

CIVIL ACTION tried at Spring Term, 1881, of JOHNSTON Superior Court, before *Gudger, J.*

The defendant appealed from the ruling of the court below.

*Messrs. D. G. Fowle* and *A. M. Lewis,* for plaintiff.
*Messrs. Reade, Busbee & Busbee* for defendant.

RUFFIN, J. Of the several exceptions taken by the appellant, it is necessary that we should notice but one, since that entitles him to a new trial; and the other exceptions

being addressed to matters touching the evidence and the judge's charge, may not again arise.

The point to be considered is, upon which party did the *onus probandi*, as developed upon the record, lie? and as a corollary to that, which of the counsel had the right to open and conclude in the argument?

If this question were *res integra*, I, for one, should not hesitate to declare that it ought to be left, as a matter of discretion, to the judge presiding at the trial, to be determined by him as he may think most likely to speed and facilitate the cause, by a presentation of the facts in that order most easily to be apprehended by the jury.

But it has been too long recognized as a *positive legal* right, a denial of which would furnish ground for an exception on an appeal, to admit of our taking any such position at this late day.

To present the point intelligently, it is necessary to state the substance of the pleadings which constituted *the record*.

The plaintiff complains of the non-payment of an unsealed note of which the following is a copy: "On or before the 1st day of November, A. D. 1870, I promise to pay W. C. Stronach & Co., or order, nine hundred and thirty-five dollars, for 17 tons of O. P. Merryman's Raw Bone Superphosphate, it being understood and agreed that this fertilizer is to be used and paid for out of the crop upon which it is used, on the said Bledsoe's plantation near the city of Raleigh the present year; this note to bear interest from date and the crop pledged for its payment," (signed Feb. 17, 1870, by M. A. Bledsoe,) and alleges the same to have been executed and delivered to the plaintiff, and that no part thereof had been paid.

The answer admits the execution and delivery of the note, but says, that the consideration thereof was a sale by the plaintiff of a certain amount of so-called fertilizer, which after its delivery proved to be utterly worthless, and without

mercantile value.   That the plaintiff represented the article
for which the note was given to be the cheapest article of
the kind in the market, and equal to the highest priced
guano; and relying on such representations the defendant
purchased without having seen and examined it, at a cer-
tain price per ton, and plaintiff ought not, therefore, to re-
cover more than the article was really worth, and being
nothing but a fraudulent mixture of bone, sand and dirt, it
was worthless.   That the plaintiff warranted the article sold
to be the cheapest and best in the market, and relying upon
such warranty, the defendant went to great expense in dis-
tributing the spurious article upon his farm, and was pre-
vented from using a genuine article, such as would have
insured him a good crop; and a demand as a counterclaim
is made for the amount lost in distributing the article, and
by the failure in the crop.

In reply the plaintiff denies all the causes of defence and
the counterclaim set up in the answer, and alleges that the
entire consideration of the note did not consist of the fertil-
izer sold, but that it also included a commission of three
dollars per ton, which the defendant agreed to pay the plain-
tiff for purchasing the article for him and the freight upon
the same.

The following issues were agreed to as raised by the plead-
ings:

1. Is the plaintiff entitled to recover the amount of the
note sued on, the execution and delivery of which is ad-
mitted by the defendant, or if any part thereof, how much?

2. How much is the defendant entitled to recover, if any-
thing, in excess of the plaintiffs' demand?

At the trial the defendant insisted that the burden of
proof was upon himself, and proposed to take the initiative,
which upon the objection of the plaintiff he was not allowed
to do, and thereupon excepted, and the same point was

made and overruled, as to the right of defendant's counsel to open and conclude the argument.

The admissions of the answer certainly establish a *prima facie* case for the plaintiff, and especially is this so if regard be had to the form of the first issue agreed to be submitted, and which is the only one material to the point before us.

By this issue, as well as by the pleadings, the execution and delivery of the note sued on was admitted, and upon its face it purported to be founded upon a consideration. What duty then rested upon the plaintiff, further to establish his right to recover? His counsel says that it was incumbent on him to show affirmatively a consideration, for that, not being under seal or negotiable, the note did not of itself, and though its execution be admitted, import a consideration; and for this he cites us to Smith on Contracts, pp. 82 and 99. There is no doubt that such is the general rule, that in an action upon an unnegotiable instrument a consideration must be both averred and proved. But the exception to the rule is, when on its face the instrument expresses the consideration, or purports to be given for " value received," in which cases, says 1 Daniel on Neg. Instruments, § 161, a *prima facie* case of a consideration is established. So, too, in *Averett* v. *Booker,* 15 Gratt., 163, it is said that an unnegotiable instrument furnishes proof *prima facie* of a consideration to support it, when a consideration is stated in it, or it is stated to be for " value received."

Tested by any rule, whether by looking to see which party should succeed if no evidence were given on either side, or on the other hand, which party would fail, in case every allegation necessary to be supported by proof was stricken from the record, the *onus* rested upon the defendant in this case, in the existing state of the pleadings, to say nothing of the form given to the issue.

Error.                                  *Venire de novo.*