*S. R. CARRINGTON v. JAMES ALLEN.

*Practice—Evidence—Issues.*

1. The question as to the plaintiff's right to open and conclude the argument is governed by the decision in *Stronach* v. *Bledsoe*, 85 N. C., 473.

2. Evidence relating to a collateral matter, is not within the rule which excludes secondary, when primary evidence is attainable—approving *Pollock* v. *Wilcox*, 68 N. C., 46.

3. In a suit upon a note, the defence was, that the consideration was for money won at unlawful gaming; *Held* no error to submit to the jury the single issue as to the alleged illegality of the consideration.

(*Stronach* v. *Bledsoe*, 85 N. C., 473; *Pollock* v. *Wilcox*, 68 N. C., 46; .*State* v. *Carter*, 72 N. C., 99, cited and approved.)

CIVIL ACTION tried at Fall Term, 1882, of DURHAM Superior Court, before *Shipp, J.*

The action is to recover upon a note under seal in the sum of $500, executed by the defendant to the plaintiff on February 21st, 1878, and payable one day after date. The answer, detailing at length the circumstances under which it was made, sets up as a defence that its consideration was for money won at unlawful gaming, and that the note by reason thereof is void.

After empanelling the jury and reading the pleadings, the court inquired if the issues had been drawn up, to which the plaintiff's counsel replied in the negative, suggesting that they should be as to the execution of the note and the alleged illegality of the consideration. The counsel for defendant then stated that they did not deny the making of the note, but impeached the consideration for which it was given. Thereupon a single issue was prepared and submitted to the jury in the following form.

¶ *RUFFIN, J.*, having been of counsel, did not sit on the hearing of of this case.

Was the consideration of the note in suit money won from the defendant by gaming?

The plaintiff's counsel then stated that the subscribing witness had been summoned and was then present to prove the execution of the note, and, upon His Honor's ruling that his examination was unnecessary, as the fact was admitted, claimed the right to open and conclude the argument. This was disallowed.

The defendant was then examined on his own behalf and testified to the illegality of the consideration and the manner in which the note was obtained. His counsel proposed to inquire of him, whether or not the plaintiff had not paid him a note for $1,500, secured by mortgage, since the date of that now in suit. The plaintiff's counsel objected to the witness being permitted to speak of the note unless it was produced.

The defendant stated that he did not propose to show the contents of the instrument, but only to prove the payment of a debt of about the sum mentioned, as a circumstance tending to show that the present claim, not then asserted, was invalid and was so considered by the plaintiff himself. The evidence was admitted, and the witness testified to the pre-existing indebtedness and its discharge by the plaintiff.

There was a verdict for the defendant and the plaintiff's counsel asked for a new trial, and assigned as the ground therefor three errors :

1. The denial to counsel of the right to open and conclude.

2. The admission of the evidence of the $1,500 debt, and its payment.

3. The insufficiency of the issue to present the matters in controversy.

The motion was denied and judgment being rendered for the defendant, the plaintiff appealed.

*Messrs. Staples, Moring* and *Schenck,* for plaintiff.
*Messrs. Roulhac & Fuller,* and *J. W. Graham,* for defendants.

SMITH, C. J.   The first alleged error is disposed of in the
late case of *Stronach* v. *Bledsoe,* 85 N. C., 473, to which we refer
without further comment.

2.  The second assigned error is equally without support, as
the instrument spoken of related to a collateral matter, and
is not within the rule which excludes secondary when
primary evidence is attainable.   This is settled in *Pollock* v.
*Wilcox,* 68 N. C., 46; and *State* v. *Carter,* 72 N. C., 99.

3.  The issue as appears from the complaint and answer, and
the concessions of counsel, comprehended the only matter
in controversy, and the court properly refused to distract the
the attention of the jury by introducing unnecessary issues,
and confining them to the one point—the illegality of the
consideration on which the note was executed.

There is no error and the judgment must be affirmed.

No error.                                        Affirmed.