J. A. CAMPBELL and wife v. E. L. McCORMAC.

*Negotiable Instruments—Consideration—Evidence.*

In an action upon a promissory note, it is not necessary for the plaintiff to allege and prove a consideration. The note imports *prima facie* that it is founded upon a valuable consideration. But if the defendant rebuts this presumption, then the burden of proof is thrown upon the plaintiff to show that there was a consideration.

(*McArthur* v. *McLeod*, 6 Jones, 475, cited and approved).

CIVIL ACTION upon a promissory note, tried at Fall Term, 1883, of ROBESON Superior Court, before *McKoy*, *J.*

The complaint states that defendant executed his promissory note on the 29th of May, 1882, and promised to pay to the plaintiffs or order the sum of $273.33, and that no part thereof has been paid. The defendant demurred because the complaint fails to state facts sufficient to constitute a cause of action, in that it does not allege that the note was given for a consideration either good or valuable. Demurrer overruled.

Judgment appealed by defendant.

*Messrs. French & Norment,* for plaintiffs.
*Messrs. J. D. Shaw, T. A. McNeill* and *Frank McNeill,* for defendant.

ASHE, J. At the common law, promissory notes were not negotiable, but were made so by the statute of 3 & 4 ANNE, ch. 9, which was re-enacted in this state by the act of 1762, and that act was amended by the act of 1786, which declared them to be negotiable, whether expressed to be payable to order or for value received. Rev. Stat., ch. 13, §§1, 2; Rev. Code, ch. 13, §1; THE CODE, §41.

All such notes thus made negotiable import *prima facie* that they are founded upon a valuable consideration; and while such consideration is essential to their support, yet it is not necessary, in an action upon them, for the plaintiff to aver and prove such consideration; yet when evidence has been introduced by the defendant to rebut the presumption which they raise, the burden is thrown upon the plaintiff to satisfy the jury by a preponderance of evidence that there was a consideration.

It was so held in *McArthur* v. *McLeod,* 6 Jones, 475, where the court say: "Although notes as simple contracts require a consideration, it has been long settled that they import a consideration *prima facie* from the holder, so as to throw the *onus* on the other side to show the want of a consideration." The same principle is laid down in Story on Promissory Notes, 181, where it is said: "Between the original parties, and *a fortiori* between others who by endorsement or otherwise become *bona fide* hold-

ers, it is wholly unnecessary to establish that a promissory note was given upon a consideration; and the burden of proof rests upon the other party to establish the contrary, and to rebut the presumption of validity and value which the law raises for the protection and support of negotiable paper." To the same effect is Daniel on Neg. Inst., §164, and Edwards on Bills, 217.

The demurrer was properly overruled. Let this be certified to the superior court of Robeson county that the defendant may answer the complaint, if he shall be advised so to do, otherwise to abide the judgment of the court.

No error.                                    Affirmed.