J. MARVIN HUNT v. N. L. EURE ET AL.

(Filed 10 December, 1924.)

1. **Bills and Notes—Negotiable Instruments—Statutes.**

    In order to come within the intent and meaning of our negotiable instrument law, a note, must be payable to the order of a specified person or to bearer. C. S., 2982.

2. **Statutes—Interpretation—Intent.**

    The preliminary and vital object to be obtained in the interpretation of the language of a statute is the intention of the Legislature, with further consideration of the existing law, the evils intended to be avoided, and the remedy to be applied.

3. **Same—Bills and Notes—Negotiable Instruments—Nonnegotiable Instruments—Value—Evidence—Prima Facie Case—Burden of Proof.**

    The principle that when a note sued on reciting a valuable consideration, has been shown to have been executed and delivered, makes a prima facie case in plaintiff's favor that he has paid value (C. S., 3004), requiring the defendant to disprove it by the preponderance of the evidence, applies only to negotiable instruments under the provisions of our statutes, and not to those which are nonnegotiable: and an instruction that places this burden on the defendant in the latter instance, is reversible error.

APPEAL by defendants from *Bryson, J.*, at August Term, 1924, of GUILFORD.

Plaintiff brought suit on the following note:

"$2,000.                    GREENSBORO, N. C., 20 July, 1920.

"Sixty days from date we and each of us jointly and severally promise to pay to J. Marvin Hunt the full sum of two thousand dollars, for value received of him, with interest thereon at the rate of six per cent per annum, payable at maturity and thereafter semiannually until paid.

"N. L. EURE,
JOHN J. SHERRIN,
J. H. WHEELER."

The defendants Eure and Wheeler filed an answer admitting the execution of the note and defending on the ground that it was an accommodation paper. The following instructions were given the jury:

1. Upon the proof of the execution of the note by defendants, the placing of it in evidence, showing of demand for payment, and that it has not been paid in whole or in part, the plaintiff makes out a prima facie case in his favor and shifts the burden of the proof, not the burden of the issue, for it remains with the plaintiff at all times, but shifts the burden of the proof to the defendants. Sometimes, gentlemen, question arises as to what is meant by the words prima facie. Prima facie means simply this: that which suffices for the proof of a particular fact until contradicted or overcome by evidence. To the end that there may be no question in your minds as to the rule of law stated to you, I again instruct you that the burden of this issue is upon the plaintiff to satisfy you by the greater weight of the testimony, the preponderance of the testimony of his right to recover as against the defendants or either of them, and again, at the peril of repetition, to the end that you may be thoroughly enlightened and advised, I repeat what I have just stated to you in the following language:

2. Upon proof of the execution of the note by the defendants, the placing of it in evidence, the showing of demand for payment, and that it has not been paid in whole or in part, the plaintiff makes out a prima facie case in his favor and shifts from his shoulders to those of the defendants, not the burden of the issue, but the burden of the proof.

3. If the plaintiff thus makes out a prima facie case and the burden of proof shifts to the defendants, then the defendants in order to defeat such a recovery must show by the greater weight of the testimony that the note was signed without valuable consideration, was given as an accommodation to the plaintiff, and if such facts are shown by the greater weight of the testimony the plaintiff would not be entitled to a recovery.

The issue—"Are the defendants or either of them indebted to the plaintiff and if so in what amount?"—was answered in favor of the plaintiff. Judgment. Appeal by defendants.

*Wilson & Frazier and King, Sapp & King for plaintiff.*
*Bynum, Hobgood & Alderman for defendants.*

ADAMS, J. In *Campbell v. McCormac,* 90 N. C., 491, it is said: "At the common law, promissory notes were not negotiable, but were made so by the statute of 3 and 4 Anne, ch. 9, which was reënacted in this State by the act of 1762, and that act was amended by the act of 1786, which

declared them to be negotiable, whether expressed to be payable to order or for value received. Rev. Stat., ch. 13, secs. 1, 2; Rev. Code, ch. 13, sec. 1; The Code, sec. 41. All such notes thus made negotiable import prima facie that they are founded upon a valuable consideration; and while such consideration is essential to their support, yet it is not necessary, in an action upon them for the plaintiff to aver and prove such consideration; yet when evidence has been introduced by the defendant to rebut the presumption which they raise, the burden is thrown upon the plaintiff to satisfy the jury by a preponderance of evidence that there was a consideration."

This case was decided in 1884; but the negotiable instruments law, ratified 8 March, 1899, made material changes in the law as theretofore declared in reference to bills and notes. Code, ch. 6; C. S., ch. 58. It is now provided that in negotiable paper the absence or failure of consideration is a matter of defense as against any person not a holder in due course and that partial failure of consideration is a defense *pro tanto,* whether the failure is an ascertained and liquidated amount or otherwise. C. S., 3008. In *Piner v. Brittain,* 165 N. C., 401, this statute was construed as imposing on the defendant the burden of showing by the greater weight of the evidence that the contract was not supported by a valuable consideration and as modifying in this respect the rule previously obtaining as expressed in *Campbell v. McCormac, supra.*

But this statute applies only to negotiable instruments. Under the existing law an instrument to be negotiable must conform to several requirements, one of which is that it must be payable to the order of a specified person, or to the bearer. C. S., 2982. Tested by this requirement the note under consideration is not negotiable; it is not payable to the bearer or to the order of the payee. *Johnson v. Lassiter,* 155 N. C., 47; *Newland v. Moore,* 173 N. C., 728. For the same reason the note sued on in *Jones v. Winstead,* 186 N. C., 536, was not negotiable; but the questions there presented for decision were treated by the parties as if the note were negotiable, the issues being whether the intestate executed the note for value and, if so, whether he had sufficient mental capacity to make the contract. There was no exception to the instruction relating to the burden of proof on the first issue and the rule pertinent to such cases was not discussed.

As the note sued on in the case before us is not negotiable we must determine whether the rule laid down in *Piner v. Brittain, supra,* applies to a nonnegotiable instrument, and if it does not whether there is error in the instruction to which the defendants except.

In the interpretation of statutes the primary object is to give effect to the intent of the lawmaker. Such intent, it has been said, is the

vital part, the essence of the law. The intention of the Legislature in enacting a law is the law itself, and it must be determined upon a consideration of the language used, the existing law, the evils intended to be avoided, and the remedy to be applied. Lewis' Sutherland on Stat. Con. (2 ed.) sec. 363 *et seq.; S. v. Johnson,* 170 N. C., 685; *Alexander v. Johnston,* 171 N. C., 468.

We have considered the questions just referred to in the light of this principle and since section 3008 of the Consolidated Statutes relates only to negotiable instruments, we apprehend that *Piner's case* is not decisive of the exceptions, and that the instruction complained of must be examined under the law applicable to instruments that are not negotiable. This is so because the law merchant prevails unless modified by statute, as for instance by the negotiable instruments law.

Every negotiable instrument is deemed prima facie to have been issued for a valuable consideration (C. S., 3004), but the authorities are in conflict as to whether a nonnegotiable bill or note which does not recite "value received" is deemed prima facie to have been given for a consideration. Norton on Bills and Notes, 102, sec. 39; 4 A. & E. Ency. Law, 2 Ed., 187; 8 C. J., 993, sec. 1297 *et seq.* This Court, however, has held that as to an unnegotiable instrument a consideration is not presumed and must be both averred and proved. *Stronach v. Bledsoe,* 85 N. C., 473, 476; *Carrington v. Allen,* 87 N. C., 354. In such case the burden of proving a consideration is upon the plaintiff. If the note, though unnegotiable as in the present case, recites value, the plaintiff makes out a prima facie case by showing the execution and delivery of the note. If the defendant then offers evidence tending to establish a failure of consideration, the burden remains with the plaintiff to satisfy the jury by the preponderance of all the evidence that the contract is supported by a valuable consideration. The defendant when sued on a nonnegotiable paper is not required under our decisions to rebut the prima facie proof of value by the greater weight of the evidence. *White v. Hines,* 182 N. C., 275.

The principle is practically the same as that applied to negotiable instruments in *Campbell v. McCormac, supra,* before the negotiable instruments law went into effect. Whether the provisions of sec. 3008 of the Consolidated Statutes should be extended to nonnegotiable bills and notes so as to make the rule uniform is a matter which is addressed to the exercise of the legislative discretion.

In *Stronach v. Bledsoe, supra,* and *Carrington v. Allen, supra,* the burden of proof was borne by the respective defendants because in one case the defense was a counterclaim and in the other money alleged to have been won in breach of the statute avoiding gaming and betting

contracts. Code sec. 2841; C. S., 2142; Norton on Bills and Notes, 379, sec. 115. The principle applies also in cases in which payment is relied on as a defense. *Banking Co. v. Walker,* 121 N. C., 115.

His Honor imposed upon the defendant the burden which by virtue of the statute applies only to negotiable instruments and for this reason the defendants are entitled to a

New trial.