MARIE ROUX *vs.* FRANK A. MOREY ET AL, EXECUTORS.

Androscoggin.      Opinion January 9, 1930.

*Skillin, Dyer & Payson,*
*Frank T. Powers,* for plaintiff.
*Frank A. Morey,* for defendants.

SITTING: DEASY, C. J., STURGIS, BARNES, PATTANGALL, FARRING-
TON, JJ.

DEASY, C. J.    Action for money had and received, brought by
Marie Roux against the executors of Robain Arsenault.

The plaintiff was Robain Arsenault's housekeeper. She was re-
puted to be his wife, and was generally known as Mrs. Arsenault.
She brings this suit, however, as Marie Roux, not claiming to have
been the wife of the testator.

Robain Arsenault's estate is being settled as an insolvent estate.
One of the claims presented was a note for seventy-five thousand
dollars payable to the plaintiff, Marie Roux. The claim was dis-
allowed by the Commissioners. The plaintiff claimed an appeal,
and as authorized by statute perfected her appeal by this action
for money had and received.

The defendant pleaded the general issue and (by brief state-
ment) want of delivery and want of consideration.

The jury's verdict was for the defendant. The plaintiff brings
the case forward on general motion.

The note is written upon a blank form filled in with pencil, ex-
cept that the signature is written in ink. This is the form:

"$75000                    Auburn, Maine, Sept. 22 1922
    On demand after date I promise to pay to the order of
Marie Roux Seventy-five thousand dollars at any bank in
Maine or in my                         Value received
    property                        Robain Arsenault."

Whether or not this note is negotiable is a sharply contested

issue. If it lacks negotiability it is by reason of the words "or in my property." If these words relate to the medium of payment the note is non-negotiable, because the Negotiable Instruments Act, Sec. 1, provides that such a note must be payable "in money."

But the plaintiff contends that the words relate not to the medium but to the place of payment. The note, she says, is payable at any bank or "in my property," i.e., at my house or place of business. If the latter is the true construction the note is still negotiable. A note is negotiable though payable at a place certain or several places, the option of presenting at one or another place being with the holder.

But the decision of this case does not depend upon the negotiability or non-negotiability of the note. In either event the plaintiff has sustained *prima facie* the general burden of proof resting upon her. If the instrument is negotiable this is by reason of the expressed terms of the Negotiable Instruments Law (cited as N. I. L.), Laws of 1917, Chap. 257. "Where the instrument is no longer in the possession of a party whose signature appears thereon a valid and intentional delivery by him is presumed until the contrary is proved." Sec. 16.

But the plaintiff had possession of the note and introduced it in evidence. This (independently of statute) raises a *prima facie* presumption of delivery.

As to the defense of want of consideration the N. I. L., Sec. 24, provides that "Every negotiable instrument is deemed *prima facie* to have been issued for a valuable consideration." This is true whether the instrument contains an acknowledgment of receipt of consideration or not.

In an unnegotiable note the words "value received" as employed in the note in suit are tantamount to an admission by the maker of the note that a consideration has been received, and this admission is *prima facie* sufficient to sustain the plaintiff's burden of proof.

"The words 'value received' are equivalent to proving an admission by (the maker) in his lifetime that there was an original consideration for the note." *Palmer* v. *Blanchard*, 113 Me., 385; *Noyes* v. *Smith* (Maine), 5 At., 530.

For authorities definitely applying this rule to unnegotiable

notes see *Owens* v. *Blackburn*, 146 N. Y. S., 966; *Hunt* v. *Eure* (N. C.), 125 S. E., 484.

It follows that the introduction of the note by the plaintiff *prima facie* sustained the burden and that it was unnecessary for her, in the first instance, to produce further evidence of delivery or consideration.

But the defendants offered the testimony of Arthur S. Tucker, one of the appraisers, who at the time of making the appraisal, having been requested to do so by one of the executors, questioned the plaintiff about the note. "I asked her 'Have you got a $75,000 note,' I says, 'It has been reported so,' and she says 'No' — 'No,' she says, 'that don't amount to nothing.'"

This admission by the plaintiff was neither denied nor explained and notwithstanding the mere *prima facie* presumption, justified the jury in finding either want of delivery or want of consideration, and in agreeing with the plaintiff that the note amounts to nothing.

There was evidence from which the jury might have found that legitimate service rendered by the plaintiff was the inadequate but yet sufficient consideration for the note. The jury apparently did not so find, and was not bound to. The verdict is not manifestly erroneous.

*Motion overruled.*