(50 Misc. Rep. 289)

### ZAJIC v. ELIAN.

(Supreme Court, Appellate Term. April 24, 1906.)

TRIAL—DIRECTION OF VERDICT—REQUEST BY BOTH PARTIES—EFFECT.

Where both parties request the court to direct a verdict, and after direction and entry by the clerk the defeated party excepts to the direction, he cannot subsequently insist upon his right to go to the jury upon a disputed question of fact.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 400.]

Appeal from City Court of New York, Trial Term.

Action by John Zajic against Emil Elian, as president of the Jan Zizka Lodge. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Wheeler & Nekarda, for appellant.
Alfred & Charles Steckler, for respondent.

TRUAX, J. It was alleged in the complaint and proved on the trial that the defendant—

"Promised and agreed for a valuable consideration with said Joseph Zajic that upon his death, he being in good standing in the order, the said Jan Zizka Lodge No. 431, I. O. O. F., would pay the sum of $230, together with funeral expenses in the sum of $50, making altogether the sum of $280, to the widow of the deceased member, provided such widow did not live separated from such deceased member for any reason during the lifetime of such deceased member, and provided, further, said widow took care of said deceased member in his sickness up to his death, in which events, and in the event that such member and such widow be not reconciled with such deceased member before his death, it was provided that such widow would not be entitled to any part of such moneys, and that in such case the said moneys should be paid by said Jan Zizka Lodge as follows, to wit: To his children, or, if there are no children, to his parents, brothers, or sisters, provided during the time of his illness and up to the time of his death they took care of him."

It was also alleged in the complaint that the said Joseph Zajic left a widow who had separated from him during his lifetime, and was so separated from him at the time of his death, and that during his last illness, and for a long time prior thereto, the said widow did not take care of her said husband, and was not reconciled to him prior to his death, and that he left no child or children, or any issue of deceased child or children, nor parents, but only the plaintiff, his brother, who at

the time of his illness and up to the time of his death fully attended to his wants and took care of him and paid his funeral expenses. At the close of the trial each party moved that the court direct a verdict in his favor, and' the verdict was directed by the court in favor of the plaintiff, to which ruling the defendant duly excepted. The defendant's counsel then asked to go to the jury on all the evidence in the case, but did not specify any fact that he desired to have submitted to the jury. It was held in Persons v. Hawkins, 41 App. Div. 171, 58 N. Y. Supp. 831, citing Howell v. Wright, 122 N. Y. 667, 25 N. E. 912, and Adams v. Roscoe Lumber Co., 159 N. Y. 180, 53 N. E. 805, that where upon the trial of an action both parties asked the court to direct a verdict, and after the verdict has been directed and entered by the clerk, and the defeated party excepts to the direction, he cannot subsequently insist upon his right to go to the jury upon a disputed question of fact. But the defendant alleges that the complaint should have been dismissed by the court, because the plaintiff has failed to establish such a separation of the deceased from his wife as is contemplated by the by-laws of the defendant; and also upon the ground that, conceding the separation, he failed to show that they were not reconciled before the death of the husband. There is no merit in this contention. The evidence shows that the deceased had been for some years separated from his wife, was separated from her at the time of his death, and that she did not take, and had not taken, care of her husband for a long time prior to his death.

The defendant claims that certain evidence was improperly excluded. Most of this evidence, it may be presumed, would have shown, or tended to show, that in the years 1902 and 1903, while the defendant Joseph Zajic was in Iowa and his wife here in the city of New York, he communicated with her and supported her. It is conceded, however, that the said Zajic came back from Iowa in the end of 1903, and remained here for a short time; then he went to Westfield, Mass., in the spring of 1904, where he stayed, until he came back in the summer of that year. The defendant then sought to show that, if there had even been an estrangement between Joseph Zajic and his wife, they had become reconciled some time in September or October in 1904, but he was prevented from so doing by the ruling of the court in striking out certain answers that had been made by the widow of said Joseph Zajic, and by the court's excluding the letter dated October 22d, written by said Joseph Zajic to his said wife.

I am of the opinion that these last rulings of the court were erroneous, that the error was a material one, and that the judgment and order appealed from should be reversed. The evidence that was stricken out tended to show a reconciliation between the husband and the wife. The letter which was excluded also tended to show such reconciliation. The evidence excluded, while it related to transactions between third parties, in the absence of the plaintiff, nevertheless was binding upon the plaintiff. The very point at issue was whether or not Joseph Zajic and his wife had become reconciled with each other before his death; it was the fact in the case.

Judgment and order appealed from reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.