*Exceptions sustained.*

JOHN HOLT & others *vs.* STEPHEN P. WELD.

Essex.   Nov. 5, 1885. — Jan. 11, 1886.   FIELD & DEVENS, JJ., absent.

Land was conveyed by a deed to " M., wife of J." In a suit in equity by J. and others to remove a cloud from their title to the land, *held*, that it was competent for J. to testify that the grantee named in the deed was his wife; that she was dead; and that the other plaintiffs were her only children.

It is too late for the defendant in a bill in equity, after a hearing upon the merits, to object that the plaintiff has not filed a replication in writing; and the court is not required to dismiss the bill for that cause.

At the hearing of a bill in equity to remove a cloud upon the title to land, if the evidence shows that the purchaser at a sale of the land for the nonpayment of taxes assessed thereon failed to pay the collector of taxes the sum bid by him, and to receive a deed, within ten days, as required by the Pub. Sts. *c.* 12, § 41, a deed delivered to him by the collector afterwards is properly held to be void, and a cloud upon the title.

MORTON, C. J. This is a bill in equity to remove a cloud upon the title of the plaintiffs to a lot of land in Lynn.

1. The land was, in 1876, conveyed by two deeds to " Mary Ann Holt, wife of John Holt of Lynn." It was clearly competent for the plaintiff John Holt to testify that the grantee named in said deeds was his wife; that she was dead; and that the other plaintiffs were her only children. This was the best evidence of those facts.

2. It was too late for the defendant, after a hearing upon the merits, to object that the plaintiff had not filed a replication in writing, and the court was not required to dismiss the bill for that cause.

3. The statutes provide that, " if after the sale of real estate for the payment of taxes a purchaser thereof fails to pay the collector within ten days the sum offered by him and to receive his deed, the sale shall be null and void, and the city or town shall be deemed to be the purchaser of the estate, according to the provisions of the preceding section." Pub. Sts. *c.* 12, § 41. If a purchaser does not pay the collector within ten days, the collector must, in order to comply with the statute, make a deed to the city or town ; and a deed to the purchaser is void. The statute does not give the collector any option in the matter. In the case at bar, there was evidence sufficient to justify the finding that the defendant, the purchaser at the tax sale, failed to pay the collector within ten days the sum bid by him, and to receive his deed.

We cannot revise the finding of the Superior Court upon this evidence. We must assume that the court so found, and that the collector's deed was, for this reason, void.

The decree entered for the plaintiffs was therefore justified by the evidence. The court properly held that the tax deed held by the defendant was a cloud upon the plaintiffs' title ; and that this bill can be maintained. *Russell* v. *Deshon*, 124 Mass. 342. *Exceptions overruled.*

*B. F. Briggs*, for the defendant.
*T. F. Bartlett*, for the plaintiffs.