German Savings Bank v. Bates Addition Improvement
Company and Frederick Field, Appellants.

**Notes:** SATISFACTION BY RENEWAL: *Jury question.* A company gave
a note guaranteed by F. by an indorsement thereon. At maturity
thereof the company, in consideration of the same indebted-
ness, gave the bank another note for the same amount, paying
interest in advance. It was agreed at this time between the
bank and company that the bank should retain the original
note till the renewal note was indorsed as the original, but it
does not appear that the subject was again mentioned, though
on maturity of the renewal note another note was given, and
interest paid in advance, and so on, until maturity of the last
note given, and till nine or ten renewal notes were given, the
original note being retained without any endorsement of satis-
faction. It does not appear that F. knew of the renewal notes,
or was called on to endorse them. *Held,* that it was a question
for the jury whether, in taking the later renewal notes, the
parties acted on the agreement, or abandoned it, and extended
the credit, as evidenced by the renewal notes, to the company
alone.

**Directed Verdict:** WAIVER OF SUBMISSION TO JURY. Though both
parties move for a verdict, neither, as against the motion of
the other, waives the right of submission to a jury.

*Appeal from Polk District Court.*—Hon. C. P. Holmes,
Judge.

Thursday, May 17, 1900.

The receiver of the plaintiff bank asks judgment on a
promissory note for three hundred and fifty-one dollars and
forty-five cents, dated September 26, 1893, due ninety days
after date, executed by the defendant company to the plaintiff
bank, and indorsed by defendant Field and five others, guar-
anteeing payment at maturity. The defendant Field an-
swered admitting the execution and guaranteeing of said
note, denying that the same is a valid claim against him,

and alleging that the same has been fully paid by the taking of other notes in settlement thereof; also alleging that the bank, without his knowledge or consent, extended the time of payment, wherefore he says his liability ceased.   The defendant company answered, admitting its corporate capacity, and denying every other allegation in the petition.   At the close of the evidence the defendant Field moved for a verdict, which was overruled, and thereupon the plaintiff moved for a verdict, which was sustained, and verdict and judgment rendered accordingly.   The defendant Frederick Field appeals.—*Reversed.*

*Connor & Weaver* for appellant.

*Dowell & Parrish* for appellee.

GIVEN, J.—I.   The note in suit was executed by "Bates Addition Improvement Company, by Frederick Field, Pres., by B. F. Holcomb, Sec.," and guarantied by Frederick Field and five others by an indorsement thereon.   At the maturity of this note, to-wit, December 30, 1893, the defendant company, in consideration of that indebtedness, executed to plaintiff its promissory note for three hundred and fifty-one dollars and forty-five cents, due at a future date, and the defendant company paid the interest thereon in advance to maturity.   Thereafter new notes of the defendant company were taken on account of this indebtedness, and interest paid in like manner on the maturity of the last note executed; the last of the series being dated November 2, 1896, and due four months after date.   It appears to have been agreed between the bank and the company, when the first of this series of renewal notes was given, that the bank should retain the original note until the renewal note was indorsed as the original was, but it does not appear that this subject was ever afterwards mentioned at the time any of the other eight or nine renewal notes that followed were executed.   Each of

these renewal notes except the two last, was surrendered when renewed, but the original note has remained continuously in the possession of the bank, and has never been canceled or surrendered. The defendant Field executed the original note as president, but it does not appear by whom the renewal notes, except the two last, were executed, and they are not by Mr. Field. Mr. Field testifies that he was abroad from January to July, 1894, and that he sold his stock in the defendant company April, 1895. There is no evidence that he was ever called upon to indorse any of these renewal notes, nor that he consented to or had any knowledge of their execution. Others acted for the defendant company in giving these renewal notes.

II. The only question presented in this case is whether the original note was satisfied by the execution and delivery of any or all of the renewal notes. If it was satisfied there was no extension of the time for its payment, and if it was not satisfied plaintiff could have sued upon it at any time after its maturity, and in that case there was no extension of time. If all or any of the renewal notes were received by the plaintiff in the place of, and in satisfaction of, the note in suit, then it was satisfied; but if the renewal notes were received under an agreement that they were not to stand in lieu of the first until indorsed as it was indorsed, and that the first was to be in force until that was done, then there was no satisfaction of the note in suit. The evidence is undisputed that such was the agreement when the first renewal was given, but, as we have seen, the matter of the agreement was never afterwards mentioned, and it may well be questioned whether in giving and taking the later renewal notes the parties acted upon the agreement or whether they abandoned it. On the one hand, we have the fact that the plaintiff continued to hold the note in suit without any indorsement of satisfaction thereon, as tending to show that it acted upon the agreement. On the other hand, we have the fact that it continued to receive these renewal notes to the

number of nine or ten, and interest up to November 2, 1896, more than three years after the note in suit became due, without demanding payment or indorsement, as tending to show that both parties thereto abandoned said agreement, and that the credit, as evidenced by the renewal notes, was extended to the defendant company alone. The pivotal question in the case is whether the renewal notes were all given under said agreement, or whether in giving the later notes the agreement had been abandoned. There are other facts than those we have mentioned bearing upon the question. Though there is no conflict in the evidence, the conclusion to be drawn therefrom is one about which minds may differ. Therefore it cannot be said as a matter of law which is the correct conclusion. We think that question should have been submitted to the jury, and that the court erred in sustaining plaintiff's motion for a verdict.

III.   At the close of all the evidence the defendant moved for a verdict, which motion was overruled; whereupon the plaintiff moved for a verdict, which was sustained. Plaintiff contends, as was contended in *Bank v. Milling Co.,* 103 Iowa, 524, that, as each party moved for a verdict, each waived the right of submission to the jury. We said in that case: "This seems to be the rule established by the weight of authority,"—citing 6 Enc. Pl. & Prac. 703. Holding that there was not sufficient evidence to justify the court in directing a verdict for the defendant, we expressed no opinion upon the question thus presented. The authority referred to is cited by the plaintiff, and is as follows: "Where, at the close of the evidence, on a jury trial, both parties ask for the direction of a verdict, it will be assumed that they intend to waive the right of submission to the jury, and let the court decide the question involved, both of law and fact, unless the party whose request is refused asks to go to the jury upon the questions of fact." A number of cases, mostly from New York, are cited in the foot-notes as supporting this statement of the rule. This

court has never passed upon the question of application of this rule in our state, and we understand that the practice with us has been different. In *Calden v. Crowley,* 74 Wis. 157, wherein the question was raised, but not passed upon, the court said "that it would be slow to hold that a party thereby waived his right to have the questions of fact passed upon by the jury," and we concur in that expression. Relying upon the law as anounced in *Meyer v. Houck,* 85 Iowa, 319, as to when the court may direct a verdict, each party made his motion. By his motion the defendant asked for a verdict upon the claim that the evidence would not support a verdict for the plaintiff, and this the plaintiff denied. Plaintiff's attitude as against defendant's motion was that of insisting that there was evidence to support a verdict in his favor. After the court ruled with him, holding, not that plaintiff was entitled to a verdict, but that there was evidence to support such a verdict if the jury should so find, plaintiff moved for a verdict. The attitude of the defendant towards that motion was that there was not evidence to support a verdict for the plaintiff. The parties never agreed to waive a jury, and to submit the issue of fact to the court, and we think it should not be assumed that they so intended. They differ radically as to the proper conclusion to be arrived at from the evidence as to whether all the renewal notes were given under the agreement that the one in suit was to remain as evidence of the debt,—a matter, as we have said, about which minds may differ. Neither was willing, as against the motion of the other, to waive a jury, and submit this difference to the court, but each was impliedly asking, as against the other, that this difference, which it was the province of the jury to determine, should be submitted to the jury. —REVERSED.