## ELDREDGE v. MATHEWS.

(Supreme Court, Appellate Division, Second Department. April 15, 1904.)

1. LIMITATIONS—PLACE OF RESIDENCE—CONFLICTING EVIDENCE.
   The defense of limitations having depended on the question when the maker of the note sued on became a resident of the state, as to which there was conflicting evidence, the issue should have been submitted to the jury.

Appeal from Trial Term, Westchester County.

Action by Thomas W. Eldredge against Kate P. Mathews, administratrix of James F. Mathews, deceased. From a judgment on a verdict directed for defendant, plaintiff appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, WOODWARD, and HOOKER, JJ.

J. M. Fiero, for appellant.
John Vernon Bouvier, Jr., for respondent.

PER CURIAM. This is an action upon a promissory note for $2,-500 made by the defendant's intestate on June 1, 1886, at Denver, in Colorado, while the maker was a resident of that state. The cause of action upon the note accrued on March 1, 1889. The maker died in New York January 7, 1899; the note and claim thereon were assigned to the plaintiff on February 6, 1900; and this action was commenced 10 days later. The defense was the statute of limitations. At the close of the evidence on both sides, the plaintiff moved for the direction of a verdict on the ground that the defense had not been made out; and the defendant moved to dismiss the complaint upon the ground, among others, that the evidence showed without contradiction that from 1888 up to the time of his death, in 1899, the decedent was a resident of the state of New York. The court thereupon directed a verdict for the defendant. The plaintiff excepted to the direction, and asked to go to the jury upon the question of the residence of the decedent within the state of New York for six years preceding the 7th day of January, 1899.

The testimony was conflicting as to the time when the maker of the note became a resident of this state, and as to the duration of his residence here. It was the contention of the plaintiff that the decedent had lived in Denver, Colo., up to about 1889, and subsequently in Mexico and Texas up to October 1, 1896, when he became a resident of the city of New York, at No. 80 Madison avenue. If the jury had found such to be the fact, the finding would have defeated the defense of the statute of limitations. We think there was testimony which, if credited by the jury, would have sustained a conclusion in accordance

with this contention in behalf of the plaintiff, and therefore that it was error to deny the request of his counsel to submit that question. The request was seasonably made (Cullinan v. Furthmann, 70 App. Div. 110, 75 N. Y. Supp. 90), and, in view of the conflicting evidence on the question of the residence of the maker of the note, should have been granted. For this reason, the judgment must be reversed.

Judgment reversed, and new trial granted; costs to abide the event.