STROHM et al. v. ZOELLNER.

(Supreme Court, Appellate Term. November 24, 1908.)

TRIAL (§ 177*)—DIRECTION OF VERDICT—MOTION FOR SUBMISSION OF ISSUES.
 Where a directed verdict is asked by both parties, and a verdict is directed, the defeated party is not precluded thereby from requesting to go to the jury upon disputed facts, if the request is made before the verdict has been entered.

 [Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

 Seabury, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Joseph E. Strohm and others against Edward Zoellner. There was a directed verdict for defendant, and plaintiffs appeal. Reversed, and new trial granted.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Shiland, Shoemaker & Hedges (Adleigh Pelham, of counsel), for appellants.

Mark Alter, for respondent.

MacLEAN, J. At the trial of this action to recover commissions as real estate brokers, and at the close of the case, both sides moved for the direction of a verdict, and the trial justice directed a verdict in favor of the defendant. Thereupon the plaintiffs excepted, and requested to go to the jury upon certain questions of fact. The motion was denied as too late; the court saying, "You should have made that before the court directed its verdict"; and exception was taken. While the motions for direction were not specifically passed upon, the direction by the court was, in effect, a denial of one and a granting of the other, and the immediate request of the plaintiffs was apparently timely, and, although the trial justice was clothed with the functions of a jury, the plaintiffs were not precluded, if there was evidence to submit, as there was herein, from requesting to go to the jury upon facts that were disputed (Shultes v. Sickles, 147 N. Y. 704, 41 N. E. 574), because the record does not disclose that the verdict had been both directed and entered at the time of the request for submission. "Where, however," this court has said, "upon the trial of an action both parties asked the court to direct a verdict, and after the verdict has been directed and entered by the clerk, and the defeated party excepts to the direction, he cannot subsequently insist upon his right to go to the jury upon a disputed question of fact." Zajic v. Elian, 50 Misc. Rep. 289, 98 N. Y. Supp. 652, 653. The judgment and order appealed from must therefore be reversed, and a new trial granted.

Judgment and order reversed, and a new trial granted, with costs to the appellants to abide the event.

GILDERSLEEVE, P. J., concurs. SEABURY, J., dissents.