## BOWER v. JONES et al.

Where both parties moved for a directed verdict, the issues were taken from the jury.

Where a replevin suit was successfully prosecuted by a third party against the purchaser of property, and on his agreeing to

refrain from suing his vendor the vendor and another executed to him an indemnity agreement, such other was a surety.

A consideration moving to the principal alone contemporaneous with or subsequent to the promise of the surety is sufficient.

After a sale of property, a third person recovered judgment in replevin against the purchaser. The seller was a nonresident of the state, but was present at the trial of the action, and, on the agreement of the purchaser not to immediately sue him, and to permit the replevin action to proceed to an appeal, executed an agreement indemnifying the purchaser. **Held,** that the indemnity contract was supported by sufficient consideration.

Where a surety read the contract before signing it, he could not say that he thought he was signing an instrument of another nature.

Where, in an action on an indemnity agreement, defendant did not allege fraud or mistake, but only failure of consideration, he could not vary the terms of the written agreement by parol evidence.

(Opinion filed November 16, 1910.)

Appeal from Circuit Court, Stanley County. Hon. LYMAN. T. BOUCHER, Judge.

Action by Leonard Bower against Squier Jones and another. From a judgment in favor of defendant Elbert Jones, plaintiff appeals. Reversed, and judgment directed for plaintiff.

*James Brown,* for appellant.

It is not necessary to the validity of a contract the consideration should pass directly to the promisor. If the consideration passes from the promisee, it is equally the relinquishment of a right, whether the right accrues to the promisor or to a third party, at his request. It is not necessary that the consideration should move to both of them. It is sufficient if it move to either. 6 Am. & Eng. Enc. of Law, 686. Forbearance to sue upon any legal demand is a valuable consideration for a promise either by the party liable *or by a third party.* 6 Am. & Eng. Ency. of Law, 748; Atherton v. Marcy, 13 N. W. 759; Aultman, etc., v. Gorham, 49 N. W. 486; Union Banking Co. v. Martin, 71 N. W. 867; Nichols v. Dedrick, 63 N. W. 1110; Peterson v. Russell, 64 N. W. 555; Germania Bank v. Michaud, 65 N. W. 70; Matthew v. Seaver, 52 N. W. 283; Pa. Coal Co. v. Parker, 85 N. Y. 226. Where both parties move for a directed verdict and the court denies one and grants the other when it should have ruled vice

versa, the Supreme Court, on appeal, will reverse, and direct judgment to be entered for the opposite party, notwithstanding the verdict, where there is no reason to expect that a new trial will disclose any different state of facts. Satterlee v. Modern Brotherhood of America, 106 N. W. 561.

*Philip & Waggoner,* for respondent.

When a promise is given for a promise, the contract is said to be made upon an executory consideration, the obligation created by it rests equally upon both parties, each is bound to a future act. Anson on Contracts, 72; Bishop on Contracts, sec. 624, also 76-79, 9 Cyc. 244; Civil Code 1903, sec. 1228.

McCOY, J. At the close of all the testimony on the trial of this case in the circuit court, both parties moved for a directed verdict, thereby, under a well-established rule of this court, taking the issues from the jury. The court directed a verdict in favor of the defendant, the respondent Elbert Jones, to which ruling of the court the plaintiff excepted and now assigns the same as error. There is no disputed question of fact in the case. The following facts are disclosed by the record: That Leonard Bower, the plaintiff and appellant, in June, 1904, bought 17 head of cattle from the defendant Squier Jones. That said Squier Jones sold said cattle to the plaintiff as his own. Thereafter the First National Bank of Pierre, under a claim of title superior to that of Squier Jones, instituted a replevin action against the appellant as defendant in said action to recover the possession of said cattle. Immediately upon the commencement of said replevin action, appellant notified Squier Jones thereof and demanded that he defend the title to said cattle in said action. Squier Jones acquiesced in this demand and took charge of the defense in said replevin action. On the trial of said replevin action in the circuit court of Lyman county, the bank's title to 13 head of said cattle was found to be superior to that of Squier Jones, or appellant, and judgment was given against the appellant in favor of said bank for the recovery of the possession of said cattle or the value thereof, together with damages and costs, amounting in the whole to the sum of $327.74. This judgment was rendered on the 14th day of

June, 1906. At the time of the rendition of said judgment, Squier
Jones was a resident of the state of Nebraska, but was in South
Dakota at the time attending the trial of said cause. Immediately
after the trial was over and the rendition of the judgment in said
replevin action, appellant demanded of Squier Jones that he
satisfy the said judgment and costs obtained against appellant in
such replevin action. Squier Jones desired to apply for a new
trial, and, if that was denied, to take an appeal to the Supreme
Court of the state; but appellant insisted that he be protected
against the said judgment, and insisted that in case he was not
indemnified against said judgment he would immediately com-
mence suit against Squier Jones for the amount of said judgment.
Thereupon Squier Jones requested appellant not to begin suit, but
to allow the case to be carried further in appellant's name, to let
a motion for a new trial be made, and let the case be carried to
the Supreme Court, if such motion for a new trial were denied.
Squier Jones agreed to indemnify appellant against such judgment
if appellant would desist and refrain from then commencing suit
against him. Appellant agreed to accept respondent, a brother of
Squier Jones, residing in South Dakota, as surety on the in-
demnity. Thereupon Squier Jones and Elbert Jones, the respond-
ent, executed and delivered to the appellant the following written
agreement of indemnity: "Oacoma, S. D., June 14, 1906. I hereby
promise, undertake and guarantee to hold harmless and indemnify
Leonard Bower against all costs, expenses, loss or damage which
may be now or hereafter incurred against him by reason of a
certain suit in claim and delivery of 17 head of cattle in the
circuit court of Lyman county, South Dakota, and in Supreme
Court of said state, in which action the First National Bank of
Pierre is plaintiff and the said Leonard Bower is defendant, in
which said action judgment was rendered on the 14th day of June,
A. D. 1906, in the circuit court of the said Lyman county, in the
Fourth judicial circuit, in favor of plaintiff and against said
Leonard Bower, defendant, for the possession of 13 head of said
cattle, and for $135.00 damages, and the costs of said action, the
measure of indemnity for said cattle to be $32.00 per head, and to
pay interest on said sum from this date at 10 per cent. annum."

Upon receiving such instrument, appellant refrained and desisted from commencing action against Squier Jones to recover the amount of the said judgment rendered against him in said replevin suit, and agreed to appeal the cause to the Supreme Court, and Squier Jones thereupon returned to his home in the state of Nebraska. The motion for new trial was made in said replevin action and denied. Subsequently, by direction of Squier Jones, further proceedings in such replevin action were abandoned, and no appeal taken, and appellant was compelled to pay the judgment therein, amounting to $327.74. After repeated demands on Squier Jones and respondent for reimbursement of said amount, appellant commenced this action against Squier Jones and Elbert Jones, but failed to obtain service of the summons upon Squier Jones, who still resided in Nebraska, but service was obtained on Elbert Jones, the respondent, who appeared and answered in said action denying the allegations of plaintiff's complaint, and further alleging as a defense that the execution and delivery of the indemnity contract set forth in appellant's complaint was wholly without consideration of any kind whatever on the part of defendant Elbert Jones. Respondent, Elbert Jones, moved the court for a directed verdict on the ground that the evidence introduced by plaintiff wholly fails to establish a cause of action against the defendant Elbert Jones, and for the reason that the evidence discloses that the contract sued upon is without valid or binding consideration as to this defendant, Elbert Jones.

As indicated by his motion for a directed verdict, respondent contends that the said indemnity contract was wholly without consideration as to him. In this contention we are of the opinion that respondent is in error. Respondent, by the written contract, under the circumstances of this case, became surety for Squier Jones in the performance of the indemnity contract. If there was sufficient consideration, between Squier Jones, the principal in said contract, and appellant, passing and existing at the time respondent executed said contract, then there was sufficient consideration as to respondent also. A consideration moving to the principal alone contemporaneous with or subsequent to the promise of the

surety or the guarantor is sufficient. Brandt on Suretyship, § 23. The forbearance of appellant to bring suit against Squier Jones while he was present within the jurisdiction of the South Dakota courts was sufficient present consideration for the indemnity contract as between Squier Jones and appellant. 32 Cyc. 55; 6 Am. & Eng. Ency. of Law, 748. The agreement to permit the replevin action to proceed after judgment to a motion for new trial and appeal to the Supreme Court was also sufficient present consideration to make the indemnity contract valid and binding as against respondent as surety. Respondent's testimony shows that he read the contract before signing and executed the same freely and voluntarily. He testified that appellant would not accept his brother Squier Jones, and that they asked him to sign the bond. The instrument itself is plain in its terms that the signers thereof would guarantee to hold harmless and indemnify appellant against all costs, expenses, loss, or damage, which may be now or hereafter incurred by appellant by reason of the replevin action instituted by the bank against him; and also to pay interest at 10 per cent. per annum on the damages and costs which make up the judgment in the replevin suit. Having read this contract before signing, respondent would not now be permitted to say that he thought he was signing only a cost bond for costs on the appeal to the Supreme Court. Respondent in his answer does not allege either fraud or mistake in the making or execution of the contract, or any other defense, save and except failure of consideration. Under the answer in this case, respondent would not be permitted to vary the terms of the written agreement by parol testimony. No possible defense, or other reason, has been shown why the respondent should not pay appellant the amount of the judgment he was compelled to pay in said replevin suit.

It is conceded by both parties that a new trial of this case would be unavailing, as the facts would be no different than as shown by the record on this appeal.

The judgment of the circuit court is reversed, and the circuit court is directed to enter judgment in favor of plaintiff for the sum of $390.19, with interest, according to said indemnity contract, and circuit court costs.