SHARE, Respondent, v. COATS, Appellant.

(137 N. W. 402)

1.  **Trial—Directed Verdict—Motion by Both Parties—Effect—Legal Sufficiency of Evidence.**

    A motion by each party, at close of the evidence, for a directed verdict, is in effect the submission of questions both of law and fact, to the court; and the court has this power, even in cases where jury trial is matter of legal right. And such submission is not limited to the legal sufficiency of the evidence, under which theory the credibility of the witnesses of the opposite party is in effect withheld from submission to the court.

2.  **Trial—Motion for Directed Verdict—Waiver of Right to Go to Jury—Presumption in Absence of Motion to Direct Verdict.**

    Motions by both parties for directed verdict do not constitute a conclusive waiver of right to submit questions of fact to jury, where the contrary intention is evidenced by seasonable request for such submission; after the motions for directed verdict have been ruled upon. The right to have jury pass upon evidence may be preserved by a seasonable and proper request after motion to direct verdict has been ruled

upon; but when no such request is made, the presumption is conclusive that parties intended to submit to court all questions of law and fact.

3.  **Directed Verdict—Exception to Order—Question for Review.**

An exception to an order directing verdict presents for review only the question of legal sufficiency of the evidence to sustain the directed verdict; questions of credibility of witnesses, and of inferences to be drawn from evidence, are deemed submitted to court by motions to direct verdict, made by both parties, and verdict has effect of verdict by jury.

4.  **Evidence — Primary Evidence — Writing — Facts Collateral to Issue—Oral Evidence.**

The rule requiring production of writing as primary evidence of its contents is limited to matters constituting the foundation of the action, it is not applicable to matters collateral to the issue; on collateral matters evidence which is secondary is not inadmissible because not the best evidence.

5.  **Contracts — Oral Modification of Written Contract — Executed Modification.**

Under Civ. Code, Sec. 1287, an oral modification of a written contract employing a broker to sell real estate at $1.00 per acre, whereby the price is increased to $2.50 per acre, is not executed so as to be binding on the parties, until payment has been made under the oral modification.

(Opinion filed July 26, 1912.)

Appeal from Circuit Court, Brown County.   Hon. FRANK McNULTY, Judge.

Action by A. Share against F. S. Coats, to recover commissions on sale of land. From a judgment for plaintiff, defendant appeals.   Reversed and remanded.

*Taubman & Williamson*, for Appellant.

Another reason why the court erred in directing a verdict for the plaintiff is that the evidence of the plaintiff, a witness in his own behalf and an interested party in the case, was wholly uncorroborated, and the credibility of the witness and the weight to be given his testimony were questions for a jury.   McGill v. Young (S. D.), 92 N. W. 1066; Wilson v. Commercial Union Ins. Co., 15 S. D. 328; Rockford v. Albaugh, 16 S. D. 630; 6 Am. & Eng. Ency. Pleading & Practice, 694; Atkins v. Hershy, 14 Ark. 442.

Much stronger is the rule laid down in 6 Am. & Eng. Ency. of Pleading & Practice, above cited, where it is said:

"A demurrer to evidence cannot be taken by the party holding the affirmative of the issue; he cannot be allowed to assume that he has made out his case."

And further, in saying that in some cases the courts have held that a verdict may be directed when evidence is uncontradicted, says:

"But this rule is subject to many qualifications. The fact that the witness is interested in the result of a suit, or any fact that might bias his testimony, will necessitate its being submitted to the jury for their judgment as to his credibility."

The court was clearly in error in directing a verdict in favor of the plaintiff for the full $2,240 asked for in the complaint, for the reason that the plaintiff was under contract to perform services for the defendant at a compensation of $1.00 per acre, and the oral modification of the contract, Exhibit "I," that plaintiff testified defendant promised him $2.50 an acre, was incompetent to prove a modification of the written contract. A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise. Revised Civil Code, Sec. 1287.

An executed contract is one the object of which is fully performed. All others are executory. Revised Civil Code, Sec. 1270.

The oral modification of the written contract in this case was not executed. Mettel v. Gales, et al., 12 S. D. 632; Manufacturing Co. v. Galloway, 5 S. D. 205; Fletcher v. Peck, 10 U. S. (6 Cranch 87) 136, 3 L. Ed. 162; Farrington v. Tennessee, 95 U. S. 679, 24 L. Ed. 558.

Such agreement, if made, would be simply a promise of a gift without consideration, and upon that ground would be void. Therefore, even conceding that plaintiff complied with his contract and that defendant had secured sales or trades of his land through the plaintiff, the plaintiff was entitled to only $1.00 per acre for the lands traded or sold, or $1,280, and any verdict in excess of that could not stand. 20 Cyc. 1214.

*L. T. Van Slyke,* and *Campbell & Walton,* for Respondent.

At the close of plaintiff's evidence, the defendant moved for a directed verdict on the ground that the evidence was insufficient

to support a verdict for plaintiff. This motion was denied by the court. The defendant then rested without introducting any evidence.

Thereupon plaintiff moved for a directed verdict, which motion was granted, and a verdict directed for the plaintiff by the court. (Pages 78 to 81, record).

Under such circumstances "the facts must be regarded as undisputed and the trial court was authorized to draw all inferences therefrom that a jury might have drawn had the case been submitted to a jury in the ordinary manner." Sunderling v. Willey, 19 S. D. 293; Yankton Fire Ins. Co. v. F. E. & M. R. R. Co., 7 S. D. 428; Grigsby v. Western Union Tel. Co., 5 S. D. 561; Ernster v. Christianson, (S. D.) 123 N. W. 711; Bower v. Jones, (S. D.) 128 N. W. 470; McComb v. Baskerville, (S. D.) 106 N. W. 300.

We take it to be a rule in this state, at least, that where the evidence is such that a verdict for the defendant could not be sustained, but would have to be set aside on motion for a new trial, the court is not required to submit the case to a jury, but it is its duty, upon motion, to direct a verdict for the party entitled thereto. Longley v. Daley, 1 S. D. 257; McKeever v. Homestake Mining Co., 10 S. D. 599; Greenwald v. Ford, (S. D.) 109 N. W. 516.

However, respondent occupies a much stronger and more favored position in this case because, as stated, both parties, first the defendant and then the plaintiff, at the close of the evidence, moved for a directed verdict, and the motion of the plaintiff was granted.

In this case both parties, by such acts, assented to a determination of the issue by the court, the action of the court having the force of a verdict of the jury. Under such circumstances the court had a right to draw all inferences from the testimony that the jury might, had the case been submitted to it. Sunderling v. Willey, 19 S. D. 293, and other cases cited above.

Such being the situation, and the rule being as set forth in the above case, it follows that even though the evidence may have been such that different minds might reasonably have drawn dif-

ferent conclusions therefrom, it was not error to direct a verdict where at the close of the testimony both parties move for a directed verdict.

Appellant cites cases to the effect that a verdict should not be directed against a party where the evidence is such that "different minds might reasonably have drawn different conclusions, etc."

Conceding for the purpose of argument that this is the correct rule where only one party moves for a directed verdict and the motion is granted against the protests of the other party to the action, this rule, we think we have clearly shown by the decisions of this court, has no application where both parties move for a directed verdict at the close of the evidence, and by such acts, as stated in Sunderling v. Willey, "both parties virtually agree to submit the questions of both law and fact to the judge."

Under the rule thus established, the decision of the court has all the force of a verdict of the jury had the case been submitted to a jury and verdict returned in plaintiff's favor.

Oral modification of written contract.

We understand the law to be that where a written contract is modified or altered by an oral agreement, and such contract is carried out and executed so that nothing remains to be done except to pay for the services so rendered, then in such case the modification is executed under the terms of this statute.

The true rule has since been recognized by this court in Jones v. Longerbeam, 119 Northwestern 1000.

This construction of the section of our statute as indicated in Jones v. Longerbeam is clearly the construction placed upon it by other courts having the same statutory provisions. Armington v. Steele, (Mont.) 69 Pac. 115; Cughan v. Larson, (N. D.) 100 N. W. 1088.

We confess that the case of Mettel et al. v. Gales et al., 12 South Dakota, 632, seems to be in conflict with these plain and elementary propositions, and if so, we apprehend that this court will promptly decline to follow it.

The true rule has since been recognized by this court in Jones v. Longerbeam, 119 Northwestern 1000.

In this case there was a written lease whereby lessor was to receive a cash rent. Subsequently there was an oral agreement between the parties that if the lessee would during the year 1902 put the land into corn and the crop would be a failure, then the lessor would forego the right to collect any rent whatever for that year.

SMITH, J. Appeal from circuit court of Brown county. The complaint states two causes of action. The first for the recovery of $1 per acre commission on a sale of 640 acres of land. The second for the recovery of $2.50 per acre for commission on a sale of 640 acres. The commission of $1 per acre was alleged to be due on a sale consummated under the terms of a written contract of agency between plaintiff and defendant. The commission of $2.50 per acre was claimed under a special oral contract, alleged to have been entered into between plaintiff and defendant while the written agency contract was in effect.

The answer admits the written agency contract, but denies the other allegations of the complaint. By the terms of the written contract, plaintiff agreed to act as local agent for defendant in effecting sales of land handled by him, and to promote such sales by distributing advertising matter furnished, and endeavoring to induce persons to examine lands handled and for sale by defendant. The contract provided for payment of a commission of $1 per acre on all lands sold by defendant through plaintiff, such commissions to be paid immediately after each sale had been closed, and to be full compensation for all services rendered in such sale. Plaintiff agreed to act exclusively as agent for defendant, and for no other real estate firm, corporation, partnership, or individual in any way engaged in the sale of lands in the state of South Dakota during the life of the agency contract. Evidence in support of the first cause of action tended to show that in January, 1911, plaintiff interested one Barker, a resident of Ft. Pierre, in the purchase of land, brought him to the city of Aberdeen, and introduced him to defendant. Both plaintiff and defendant accompanied Barker to North Dakota to examine lands for sale by defendant. At the conclusion of negotiations, Barker entered into a contract with defendant for the purchase of 640

acres of the land, and paid $100 in cash. Thereafter defendant informed plaintiff that the deal with Barker had been closed, and that he had received a plunge bath at Ft. Pierre, at a valuation of $9,000, and something between three and four thousand dollars in cash, for the land, had delivered a deed therefor, and that the sale was closed; that no part of the commission had been paid.

Upon the second cause of action, evidence was received, over defendant's objection, tending to prove that the defendant orally agreed with plaintiff that if plaintiff would induce one James Phillips to purchase either one of three sections of land in Brown county owned by defendant, which were priced respectively at $55, $60, and $65 per acre, he would pay plaintiff a commission of $2.50 per acre on such lands as might be sold or traded to Phillip; that, pursuant to this oral agreement, plaintiff brought Phillip and introduced him to defendant at defendant's office in Aberdeen; that Phillip was shown and examined these lands, and after some negotiations defendant traded to Phillip 640 acres of the land in exchange for a stock of merchandise in Aberdeen and a plunge bath at Ft. Pierre, valued at $9,000, which had been acquired by him in the trade set out in the first cause of action. A written contract in consummation of the trade was entered into between defendant and Phillip, in which the valuation of the land was $65 per acre; a deed from defendant and his wife to Phillip for the land was offered and received in evidence: and plaintiff never received any compensation for his services in this transaction. Plaintiff demands $640 for services in this sale to Barker, and $1,600 in the sale to Phillip.

At the close of plaintiff's evidence, defendant moved for direction of a verdict, which was denied and exception taken. Defendant then rested, without offering any evidence, and, upon plaintiff's motion, a verdict was directed for plaintiff for the full amount of commissions claimed on both sales, to which defendant excepted.

Appellant's assignments of error are grouped and discussed under three general propositions: First. That the court erred in directing a verdict for plaintiff for the full amount claimed on

both causes of action, for the reason (a) that the defendant had a right to have submitted to the jury the question of the credibility of plaintiff's testimony upon which his right of recovery depends; (b) because oral evidence of the contents of the written contract between defendant and the purchaser, Phillip, was incompetent and not the best evidence. Second. That plaintiff's recovery for services was, in any event, limited by the terms of the written contract of agency to a commission of $1 per acre, and the oral evidence, by which plaintiff sought to show an agreement to pay $2.50 per acre commission, does not disclose an executed oral modification of the written contract of agency.

We shall consider these questions in the order named. [1] The record shows that at a time when all the evidence offered was before the court and jury each party presented a motion for direction of a verdict. It has been long settled in this state that when each party, at the close of all the evidence, presents a motion for direction of a verdict this, in effect, is a submission of questions, both of law and fact, to the court. Bower v. Jones, 26 S. D. 414, 128 N. W. 470; First National Bank v. North, 2 S. D. 480, 51 N. W. 96; Erickson v. Citizens' Nat. Bank, 9 N. D. 81, 81 N. W. 46. The trial court has power, even in cases where a jury trial is a matter of legal right, to direct a verdict, when requested by both parties. People v. Scannell, 172 N. Y. 316, 65 N. E. 165. This rule is unquestionably sustained by the weight of authority. 38 Cyc. 1576 (c), and cases cited. Appellant's contention is that defendant's motion for direction of a verdict challenged only the *legal sufficiency* of the evidence to sustain a verdict for plaintiff, conceding the testimony of plaintiff's interested witness to be absolutely true; and that the credibility of plaintiff's testimony was not thereby submitted to the trial court, but remained a question upon which defendant was entitled to a verdict of the jury. Appellant's line of reasoning has been adopted in states whose courts have expressly disapproved the New York rule. Thompson v. Brennan, 104 Wis. 564, 80 N. W. 947; National Cash Register Co. v. Bonneville, 119 Wis. 222, 96 N. W. 558; German Saving Bank v. Bates, 111 Iowa,

432, 82 N. W. 1005; Wolf v. Chicago Sign Printing Co., 233 Ill. 501, 84 N. E. 614, 13 Ann. Cas. 369; Stauff v. Bingenheimer, 94 Minn. 309, 102 N. W. 694; Poppitz v. German Ins. Co., 85 Minn. 118, 88 N. W. 438; Lonier v. Ann Arbor Savings Bank, 153 Mich. 253, 116 N. W. 1086, The reasoning of these cases as stated in Stauff v. Bingenheimer, supra, is: That "a motion by either party to an action that a verdict be directed in his favor cannot be construed as a waiver of the right to have the facts passed upon by the jury, or as an agreement to submit them to the trial judge, in case the motion is denied." The reasoning upon which the New York rule is founded is that parties have the right to waive a jury trial; and that motions by both parties for direction of a verdict is sufficient evidence of an intention to waive that right. The latter rule has been too long acted upon and settled in this state to warrant the adoption of the rule contended for by appellant.

[2] It has never been held in this state, however, that motions by both parties constitute a conclusive waiver of the right to demand a submission to the jury of questions of fact which may properly arise upon the evidence, where the contrary intention of the parties not to submit questions of fact to the court may be evidenced by a seasonable request that the facts be submitted to the jury. It is held in New York that a request for a submission of facts to the jury, where the evidence is of such character as to require it, may be made at any time before a directed verdict is returned by the jury. Eldredge v. Mathews, 93 App. Div. 356, 87 N. Y. Supp. 652; Maxwell v. Martin, 130 App. Div. 80, 114 N. Y. Supp. 349; Fuller v. Schrenk, 58 App. Div. 222, 68 N. Y. Supp. 781, affirmed in 171 N. Y. 671, 64 N. E. 1126. It is also held that a request for submission of questions of fact to the jury should specifically point out the matters it is desired to have submitted. Mayer v. Dean, 115 N. Y. 556, 22 N. E. 265, 5 L. R. A. 540. Such a request will not be granted after the rendition of the directed verdict. Persons v. Hawkins, 41 App. Div. 171, 58 N. Y. Supp. 831; Strohm v. Zoellner, 61 Misc. Rep. 56, 112 N. Y. Supp. 1063. The reason for the rule giving parties the right to submit questions of fact to the jury upon request, after

an adverse ruling upon a motion for a directed verdict, is that every party is entitled to present to the court such legal questions as he thinks arise upon the testimony, without the penalty of losing his right to have the jury pass upon evidence which comes from interested witnesses, or is of such character that honest men might differ in the conclusions to be drawn therefrom. Otherwise, it is said, it would never be safe to ask for direction of a verdict. Switzer v. Norton, 3 App. Div. 173, 38 N. Y. Supp. 350. It is apparent, therefore, that a party, desirous of preserving his right to have the jury pass upon the evidence, where it is of such character as to be properly submitted to a jury, may preserve that right by a reasonable and proper request, after the motions for directed verdicts have been ruled upon by the court. Such request would ordinarily be a conclusive rebuttal of the presumption that, by motions for directed verdicts, the parties intended to submit questions of both law and fact to the court. Under the rule adopted by this court, however, when no such request is made, the presumption that parties intended to submit to the court all questions, both of law and fact, becomes conclusive.

[3] An exception to an order directing a verdict presents no question for review, except the legal sufficiency of the evidence to sustain the verdict directed. Questions of credibility of witnesses, and of inferences to be drawn from evidence, are deemed submitted to the court by motions of both parties; and the directed verdict has like effect as does a verdict returned by the jury. Sundling v. Willey, 19 S. D. 293, 103 N. W. 38, 9 Ann. Cas. 644; Farmer v. U. S. Express Co., 25 S. D. 96, 125 N. W. 575. In the case at bar, the defendant excepted to the order of the trial court directing a verdict for plaintiff; but this exception presents for review nothing except the legal sufficiency of the evidence to sustain the verdict, and cannot be deemed an exception to a denial of his request to go to the jury upon the evidence, for the plain reason that no such request was made. Ormes v. Dauchy, 82 N. Y. 443, 37 Am. Rep. 583.

[4] Appellant further contends that the court erred in receiving oral evidence of the contents of the written contract of ex-

change of properties between the defendant and Phillip, executed at the time the Brown county land was traded to Phillip. The rule requiring the production of a writing as primary evidence of its contents has no application, except where the cause of action is founded upon the writing itself. The rule is that "evidence relating to a matter which does not form the foundation of the cause of action, but is collateral to the issue, does not properly fall within the best evidence rule, and, although secondary in itself, cannot be excluded, on the ground that primary evidence is obtainable." 17 Cyc. 469 (d) ; N. J. Zinc Co. v. Lehigh Zinc Co., 59 N. J. Law, 189, 35 Atl. 915; Gilbert v. Duncan, 29 N. J. Law, 133; McFadden v. Kingsbury, 11 Wend. (N. Y.) 667; Carrington v. Allen, 87 N. C. 354; Dail v. Sugg, 85 N. C. 104; State v. Carter, 72 N. C. 99; Pollock v. Wilcox, 68 N. C. 46; Shoenberger v. Hackman, 37 Pa. 87; Holt v. Weld, 140 Mass. 578, 5 N. E. 506.

[5] We are inclined to the view, however, that appellant is right in his contention that the written contract of agency between plaintiff and defendant embraced the transaction set out in the second cause of action, in which plaintiff seeks to recover a commission of $2.50 per acre, instead of the commission of $1 per acre provided for in the written contract; and that the evidence offered by plaintiff does not show an executed, oral modification of the written contract of agency as to the amount of commissions. It is respondent's contention that an oral modification of a written contract is deemed to be executed whenever the party claiming under such oral modification has done and performed everything required of him by the oral contract. In this we think respondent is in error, and are of opinion that the alleged modification of the written contract of agency cannot be deemed executed, within the meaning of section 1287, Comp. Laws, until payment has been made under it. Mettel v. Gales, 12 S. D. 632, 82 N. W. 181. Nor do we think that a different rule was recognized by this court in the case of Jones v. Longerbeam, 22 S. D. 625, 119 N. W. 1000. The latter case is analogous to the case of McKenzie v. Harrison, 120 N. Y. 260, 24 N. E. 458, 8 L. R. A. 257, 17 Am. St. Rep. 628, where an action was brought to recover rent alleged to be

due and unpaid on a lease of real property in the city of New York, which provided for an annual rental of $4,500. Defendants offered to prove that after they had occupied the premises and paid full rent for one year they represented to plaintiff, lessor, that they could not afford to pay so much rent; whereupon the lessor agreed to reduce the rent to $3,500 a year. Thereafter defendants paid the rent for three years at the reduced rate, and plaintiff delivered to them receipts for the amount paid, according to the oral agreement. The action was to recover the alleged balance of $1,000 per year, rent for the three years. The court held that the oral modification of the written lease was fully executed when rent at the reduced rate was paid, and that defendants were entitled to prove such facts by way of defense, but that the oral contract was not binding as to any period during which reduced rent remained unpaid, for the reason that payment was necessary to constitute an executed oral modification of the written lease.

Suppose, in the transaction under consideration in this case, defendant had in fact paid plaintiff the cash commission of $1,600 on the Phillip sale, but had refused to pay the commission of $1 per acre on the Baker sale, and this action was to recover the commission of $640 on the latter sale, in such case defendant could not plead that he had paid plaintiff $1,600, an amount in excess of the commissions on both sales, and was not therefore indebted to him. It would be plain in such case that the oral contract to pay the commission of $1,600, having been fully executed by payment, would be binding alike on both parties, and the sum so paid could not be pleaded in satisfaction of the claim for commission on the Baker sale. We are clearly of opinion the court was in error in directing a verdict for the amount of the commission claimed on the second cause of action at the rate of $2.50 per acre, instead of at the rate of $1 specified in the written contract of agency.

For that reason alone, the judgment and order of the trial court are reversed, and the cause remanded for further proceedings according to law.