SHARE, Respondent, v. COATS, Appellant.

(144 N. W. 126.)

1. **Trial—Verdict—Directed Verdict—Sufficiency of Evidence.**
Where plaintiff's evidence was substantially corroborated by defendant's testimony, and the evidence on which plaintiff was entitled to recover was undisputed and uncontroverted, a directed verdict is proper, as different minds would not reasonably draw different conclusions therefrom.

2. **Brokers—Compensation—Right to Compensation—Subsequent Litigation.**
Where a broker hired plaintiff to assist him in securing realty sales, agreeing to pay him one dollar per acre for all lands sold or exchanged through his services, payment to be made immediately upon closing contract of sale or exchange, **held**, that subsequent litigation concerning an exchange does not affect plaintiff's right to recover.

3. **Appeal—Error—Relevancy of Evidence—Pleading—Law of the Case.**
In a suit for compensation claimed under a written contract, where it was **held** on a previous appeal that evidence of an oral contract was inadmissible because altering a previous written one, and that the word "oral" in one cause of action plead was, in effect, eliminated, **held**, the previous judgment established the law of the case as against appellant, pursuant to whose contention such former ruling was made, and the written contract was admissible in evidence.

(Opinion filed Dec. 5, 1913. Rehearing Denied Feb.. 7, 1914.)

Appeal from Circuit Court, Brown County. Hon. FRANK McNULTY, Judge.

Action by A. Share against F. S. Coats, to recover for commissions as broker on land exchanges. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See, also, 29 S. D. 603, 137 N. W. 402.

*Williamson & Williamson,* for Appellant.

The court erred in directing a verdict for the plaintiff, for the reason that the evidence of plaintiff was uncorroborated, and the credibility of the witness and the weight to be given his testimony were questions for the jury. McGill v. Young, (S. D.) 92 N. W. 1066; Rockford v. Albaugh, 16 S. D. 630, 94 N. W. 701; 6 Am. & Eng. Ency. Pl. & Pr. 694; 38 Cyc. 1518 (III) and cases.

The court directed a verdict upon the second count in plaintiff's complaint. This count declared upon an oral contract, wherein the commission claimed was $2.50 per acre. No amendment to the complaint was made, or attempted. Plaintiff was permitted over objection, to prove certain facts in reference to this deal. There was no evidence whatever in the case to sustain the second count, which declared upon the oral contract. The court directed a verdict upon the second count, though this count had been based upon the written contract.

The contract between plaintiff and defendant only obligated defendant to pay when the deal "was closed." The uncontradicted evidence showed that the Barker deal never was closed. (Fol. 227). Therefore, the court erred in directing a verdict for the plaintiff upon count one.

The evidence undisputed, as shown, if it had been submitted to a jury and a verdict returned for the defendant, the court would have had no alternative but to set it aside. Wagon Co. v. Mathison, (Dak.) 14 N. W. 107; Peet v. Dak. F. & M. Ins. Co., 1 S. D. 462; McKeever v. Homestake Min. Co., 10 S. D. 599; Rambert v. Sundback, 1 S. D. 268.

This case was heretofore in this court and is reported in 137 N. W. 402. By that decision this court held that this oral stipulation, alleged in complaint, for a greater commission, was ineffectual, and the case was reversed solely on that ground; thus clearly indicating that the complaint as a whole was sufficient to

permit the recovery at the rate of one ($1.00) dollar per acre on the claim mentioned in the second cause of action.

The commission was due on Barker deal when suit was brought.

Prior to beginning this suit defendant told plaintiff that the deed to Barker had been delivered and that he (Coats) had received his pay for the land in full.

Coats does not deny the delivery of the deed, nor the receipt in full of the purchase price. He does not even swear that the Barker deal was in litigation.

McCOY, J. It appears from the pleadings and evidence in this case that plaintiff and defendant entered into a written contract whereby plaintiff agreed to act as agent for defendant, who was a real estate broker. Under said contract, plaintiff's services were to consist of aiding defendant in making sales or trades; plaintiff was not a broker, but the servant of a broker to canvass and solicit sales or trades and to use his best endeavors to promote and encourage the sale or exchange of lands handled by defendant, as such broker. As compensation for such services, plaintiff was to receive $1 per acre for all lands sold or exchanged by defendant through and by virtue of the endeavors of plaintiff; such compensation to be due and payable immediately upon the closing of the contract of sale or exchange by defendant. It further appears that plaintiff by virtue of his solicitation and endeavors procured one Barker, who entered into a contract with, by or through defendant for the exchange of 640 acres of land handled by defendant as such broker; and that plaintiff also by his solicitation procured one Phillp, who also entered into a contract through defendant for the exchange of 640 acres of land handled by defendant. On the trial of the action at the close of all the evidence, the court on motion directed a verdict for plaintiff for $1 per acre for the Barker and Phillip sales or exchanges of land, to which ruling of the court defendant duly excepted.

It is first contended that plaintiff, in order to recover under the contract, must allege and prove a compliance with the terms and conditions of such contract on his part. We are of the opinion that it conclusively appears from the evidence that plaintiff did rendered such substantial compliance with the terms and conditions of his contract as entitled him to compensation for his services. No

demurrer was interposed aganst the complaint. It is contended by appellant that the evidence shows that plaintiff had not complied with the terms of his contract in that he was employed by said Phillip negotiating real estate trades and sales, and that he was getting commission from Phillip, and that plaintiff violated his contract in soliciting other real estate sales other than those for defendant; but we are of the opinion that the evidence is wholly insufficient to sustain such contention of appellant.

[1.] It is also contended that the court erred in instructing a verdict for plaintiff—that, while defendant made no denial of the truth of plaintiff's testimony, it is still a question for the jury to determine the weight and credibility of plantiff's testimony—plaintiff as a witness being an interested party. We are of the opinion that the evidence of plaintiff was substantially corroborated on the vital portions thereof by the testimony of defendant, and that the evidence on which plaintiff was entitled to recover was undisputed and uncontroverted, and that the verdict was properly directed. The evidence was of such a character that different minds would not reasonably draw different conclusions therefrom.

Appellant contends that plaintiff should not recover on the ground that plaintiff was acting for both defendant and Phillip at the time plaintiff rendered the services on which this suit is based. We are of the opinion the evidence was wholly insufficient to show that plaintiff was employed by Phillip at that time, or that he was then performing any services for Phillip.

[2.] Appellant also contends that, because some litigation subsequently arose concerning the Barker exchange, plaintiff was not entitled to compensation on that account; but we are of the opinion that this contention is untenable.

[3] Appellant also contends that the evidence in relation to the Phillip sale was improperly admitted on the ground that the same was not within the issues as framed by the pleadings. The second cause of action contained in the complaint alleged that, under an oral contract with defendant, defendant agreed to pay plaintiff $2.50 per acre for procuring such Phillip sale. The only evidence offered was of a sale under a written contract. Under the circumstances and record of this case, we are of the opinion that appellant has been in no manner prejudiced by this alleged

error. On the former appeal of this case (29 S. D. 603, 137 N. W., 402), appellant contended, and this court held, that it was error for the court to direct a verdict for plaintiff for $2.50 per acre commission on the Phillip sale on an oral contract, instead of $1 on the written contract on the ground that the oral contract varied the terms of the written contract. The holding in the former case was that the second cause of action based on the Phillip sale was under a written instead of an oral contract, and had the effect of eliminating the word "oral" from the second cause of action as alleged in the complaint. Under these circumstances, we are of the opinion that the complaint, as to the second cause of action, was sufficient, and that appellant is not in a position to assert that error exists by reason of the word "oral" still appearing in the complaint. With the word "oral" eliminated from the second alleged cause of action, the complaint was sufficient, but somewhat indefinite, and which defect could only have been reached by a motion to make more definite and certain.

Some other assignments of error are based on the reception and rejection of testimony, all of which have been considered, and we are of the opinion that no error appears in connection therewith.

Finding no error in the record, the judgment appealed from is affirmed.