J. B. COLT COMPANY, Respondent, v. HAYENGA, et al, Appellants.

(217 N. W. 187.)

(File No. 6150. Opinion filed December 28, 1927.)

*Null & Royhl,* of Huron, for Appellants.

*R. A. Dunham,* of Clark, (*W. C. Roszel,* of New York City, of counsel), for Respondent.

CAMPBELL, P. J.  January 9, 1923, defendants gave to plaintiff a written order for an acetylene lighting plant consisting of a generator with certain fixtures and appliances.  The order, which was signed by both defendants, provided that the goods be shipped "f. o. b. factory or warehouse (by freight which I agree to pay) to Mary A. Hayenga, Melham, Clark county, state, South Dakota."  By its terms defendants were to pay for said merchandise the sum of $496.45 November 1, 1923, for which amount they were to give their promissory note, without interest, upon acceptance of their order by plaintiff company.  The order contained also the following terms and provisions:

"Warranty:  It is agreed that in accepting this order the company warrants the generator furnished to be automatic in action, and of good material and workmanship, and that it is listed as 'Standard' by the Underwriters' Laboratories established and maintained by the National Board of Fire Underwriters.  In the event of the failure or refusal of the purchaser to execute and deliver to the company the promissory note above referred to at the time above stated, the full amount of the above-mentioned contract price shall at once become and be due and payable.

"If the purchaser shall instruct the company not to ship the above-described material, the company may at its option either hold the material for the purchaser or deliver the material to a common carrier consigned to the purchaser, and either action on the part of the company shall be considered as full performance of the contract by the company.

"This order shall become a contract between the purchaser and the company upon acceptance thereof noted in the space below by an officer or credit manager of said company; it being understood that this instrument contains all of the terms, conditions, and agreements between the purchaser and the company, and that no agent or representative of the company has made any statements,

representations, or agreements, verbal or written, modifying or adding to the terms and conditions herein set forth. The company does not install the generator or appliances. It is further understood that, upon the acceptance of this order, the contract so made cannot be canceled, altered, or modified by the purchaser or by any agent of the company or in any manner except by agreement in writing between the purchaser and the company acting by one of its officers.

"Payments shall be made only by check or draft, or promissory note, drawn to the order of the company. The undersigned, herein called the purchaser, have each jointly and severally executed this order as principals and not as guarantors or sureties."

This order was accepted by the credit manager of plaintiff company January 13, 1923. The merchandise was delivered f. o. b. to a common carrier at the factory of the company on January 18, 1923, invoiced and consigned as provided by the terms of the order. It arrived in usual course at the railroad station at Melham, where defendants paid the freight thereon, received possession, and took it out to their farm about February 2d. About February 9th defendants returned the merchandise to the railroad station and shipped it back to plaintiff, charges collect, subsequently and in November, 1923, plaintiff instituted the present action to recover the purchase price of the merchandise. Defendants answered, admitting the execution of the order, but alleging that it was procured by false representations and fraud, that the goods shipped were not as represented and warranted, and that defendants had refused to accept the same on that account.

The issues so joined were tried to the court without a jury. Findings and conclusions upon all the issues were in favor of the plaintiff, and from the judgment entered thereon and the order denying their motion for a new trial defendants appeal.

Appellants complain that the goods shipped to them by respondent were not the goods described in the order. The learned trial judge specifically found against appellants on this issue, and the evidence is ample to support his findings. In this connection it appears that the fixtures and appliances were not in every instance identically described in the order given by appellants and in the invoice of the shipment made by respondent, although as a matter of fact they were the same merchandise. For example, the

order included 14 light fixtures, catalogue No. 11. The invoice specified 14 light fixtures, catalogue No. 10, and 14 wire guards, catalogue No. 7. It appeared from the testimony of respondent that their fixture, catalogue No. 11, was simply the completed fixture, constituted by their light fixture, catalogue No. 10, with an addition of a wire guard thereon, which guard alone appeared in their catalogue as item No. 7; in other words, 14 fixtures, catalogue No. 10, plus 14 guards, catalogue No. 7, constituted neither more nor less than 14 guarded fixtures shown in the catalogue complete as fixture No. 11.

The evidence is ample to show that the goods shipped by respondent were, in fact, the identical goods ordered by appellants, although they were not in every instance described in exactly the same fashion in the order and in the shipping bill. It is also to be observed that nowhere have appellants made any claim that they were in any manner deceived by these differences in description, or that they were thereby led to believe that the goods shipped were not the goods ordered. They do not appear to have raised any question as to the identity of the goods shipped with those ordered so far as description is concerned until the time when testimony was being introduced in the court below. No such claim is made in the answer. When appellants endeavored to return the merchandise, they made no claim that it did not consist of the specific items ordered, but claimed only that it was not as warranted. Appellants have assigned error on the admission of testimony by one of respondent's witnesses with reference to the catalogue numbers of some of these various items and to the descriptions of some of the items in the catalogue upon the ground that the catalogue itself was the best evidence. This assignment of error is without merit. The only possible question on this point, appellants not claiming to have been deceived by the variance in description, was as to the actual identity of the articles. Matters as to the catalogue description and numbering were collateral to the issue, and the "best evidence rule" does not apply. Share v. Coats, 29 S. D. 603, 137 N. W. 402.

A clerk of respondent company testified, by deposition, that when the merchandise in question was shipped back to respondent he received the consignment and the articles "were sent to storage." He further said: "These goods are held in storage subject to the

order of Mary A. Hayenga." Appellants contend that this testimony by the clerk was a mere conclusion and not a statement of fact. This contention is without merit upon the record before us.

Appellants further contend that since respondent, after receiving the return of the merchandise, did not notify appellants that the same was held subject to their order, they must be considered to have accepted the return of the goods and to have consented to appellant's rescission as attempted thereby. This view, we think, is not sound. It is to be noted that the answer of appellants made no claim that respondent had accepted a return of the goods or consented to a rescission, but proceeded upon an entirely different theory which we will presently consider. It is true that when a purchaser in an attempt to rescind returns goods to a seller, the seller should in some way make clear that by taking the goods back and resuming dominion over them he is not assenting to a rescission, if such be the fact. It would have been perhaps the safer practice in this case for respondent, when the goods were returned, to have notified appellants specifically that the goods were held subject to their order. But upon all the facts in this case, including the fact that appellants did not see fit to plead or testify that their rescission had been accepted or that they believed it had, we do not think it could reasonably be held that they were justified in any such impression. The shipping bill for the return of the goods was dated at Melham, S. D., February 9, 1923. Just how that was transmitted to respondent, or what communication, if any, accompanied it the record before us does not show, excepting that appellant Mary A. Hayenga, in speaking of her return of the goods, says:

"We took it to the depot and shipped it back and told them to cancel the order; we could not use it."

Certainly, there must have been some communication from appellants to respondent at or about the time of the return of these goods, for on February 13, 1923, we find respondent writing to the appellant Mary A. Hayenga a letter stating, in part, as follows:

"Your contract was accepted by this company in good faith, and is not subject to countermand."

At that time the return of the goods had not been received by respondent, and certainly that letter was no indication that when

they were received respondent would accept the return as a rescission, but, in fact, was the contrary. The evidence shows that the returned goods, in fact, did not reach the factory of respondent until March 22, 1923. There is no evidence whatever that respondent thereafter exercised any dominion over the goods beyond the testimony of the clerk above referred to that they were placed in storage subject to the order of Mary A. Hayenga. The evidence also shows that in the latter part of March or early in April a representative of respondent called on appellants and demanded payment for the merchandise. Upon this record we think there is no room for any inference that respondent assented to the proposed rescission, or that appellants ever thought it did so.

Appellants also contend that respondent has mistaken its remedy in this case, and this is almost their only contention which seems to accord with the allegations of their answer. They maintain that, if, in fact, there was no fraud or misrepresentation or breach of warranty, nevertheless respondent's remedy is not an action for the purchase price, but should be and is an action for damages for failure to accept the goods. It is their contention that they had a reasonable time to inspect the goods after their arrival at Melham and determine whether or not to accept them, and that until they had so inspected and determined there was no acceptance; that after inspection they determined not to accept and returned the goods prior to any acceptance; and that even if their refusal to accept was wrongful, yet respondent should proceed against them for damages on that account, and not for the purchase price. This view might present some interesting questions on the facts in this case if the contract of the parties had contemplated no delivery excepting a delivery to the buyer at Melham.

This contract, however, provided for delivery f. o. b. to a common carrier at the factory or warehouse of the buyer. By the terms of their bargain, and by the statute of this state, title passed on delivery to the carrier. Section 46, c. 355, Laws 1921, corresponding to section 46 of the Uniform Sales Act. Granting that appellants might still have a right of inspection when the property reached Melham, that right would not prevent the title from having previously passed, nor could it prevent respondents from recovering on the purchase price, if in fact the goods did conform to the contract, as in this case the learned trial judge

rightly found they did, and if in fact there was no fraud or breach of warranty, as in this case the learned trial judge rightly found there was not. This distinction between the results that flow from the right of inspection where property is not to pass until actual delivery to the buyer himself and where it is to pass before delivery to the buyer as in the instant case is well pointed out in Prof. Williston's treatise on Sales (2d Ed.) §§ 472, 473. See, also, Dow Chemical Co. v. Detroit Chemical Works, 208 Mich. 157, 175 N. W. 269, 14 A. L. R. 1200. Title having passed on delivery to the carrier in this case, appellants could only rescind if on inspection of the goods at Melham they found they were not the goods ordered, or that there was a breach of warranty; if appellants unjustifiably sought to exercise that right, as they did in this case, respondent could properly bring its action for the purchase price of the goods.

■ Appellants further complain of the form of the judgment. It is perhaps somewhat unique. The action being at law for the purchase price, the court seems to have entered a sort of conditional judgment, apparently seeking to accomplish as nearly as possible what the court conceived to be equitable in the individual case. It was adjudged that respondent recover of appellants the purchase price of the property, with interest and costs. It was further adjudged that appellants were the owners of the merchandise in question returned by them to respondent and held in storage by respondent at its factory, and that a stay of all proceedings on the judgment, excepting entry and taxation of costs, be granted for a period of 60 days, and if during such period the appellants, or either of them, should deposit with the clerk of the trial court the full amount of the judgment, with interest, such deposit should operate as a satisfaction of the judgment, and the money so deposited should be paid to respondent upon the filing by it with the clerk of courts of a bill of lading showing shipment of said merchandise f. o. b. its factory, consigned to appellants. The judgment further provided that, if the cash deposit was not made within the 60 days, then respondent should be entitled to execution upon the judgment in the same manner as on any other money judgment. It is true that this is a somewhat peculiar judgment, and we are not entirely clear as to what might be the precise effect of the limitation thus sought to be imposed upon the opera-

tion and effect of the judgment as a money judgment. We are fully persuaded, however, that the only party to this judgment who could possibly complain of the rather unusual provisions inserted therein is the respondent, and respondent has taken no appeal in this case. As to appellants, such provisions are mere gratuities and are certainly harmless, even if undeserved.

Other claims of error predicated by appellants upon some minor points have been examined and found without merit. The judgment and order appealed from are affirmed.

POLLEY, SHERWOOD, BURCH, and BROWN, JJ., concur.