JAMES A. WHITCOMB, PLAINTIFF IN ERROR, v. R. RUSSELL BRANT ET AL., DEFENDANTS IN ERROR.

Argued November 7, 1907—Decided February 24, 1908.

1. No contract will be implied from the mere leasing of a building that it will be made suitable for the tenant's business.
2. A lease provided that the tenant might make alterations subject to the landlord's approval, and he undertook, against the landlord's objection, to make alterations. The objection was reasonable and the alterations not necessary for the purpose for which the building was leased. *Held*, that the objection did not amount to an eviction, there being no agreement in the lease that the building should be made suitable for the tenant's business.
3. If the landlord's refusal to consent to the alterations be unreasonable, the tenant could not retain possession without paying any rent, because the refusal did not amount to an eviction.

4. In an action of replevin to recover goods distrained for rent, the
   lawfulness of the distress may be tried if there be no rent due,
   but if there be rent due, and the distress is excessive in regard
   to the quantity of goods distrained, or is otherwise irregular, the
   remedy of the tenant is by an action on the case.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the plaintiff in error, *Stark B. Ferriss.*

For the defendants in error, *Guild, Lum & Tamblyn.*

The opinion of the court was delivered by

BERGEN, J.  The defendants in error leased to the plaintiff
in error, for the term of ten years, a building to be used as a
restaurant.    The lease contained the following stipulation,
viz.: "It is expressly understood and agreed that the party
of the second part may make alterations and improvements to
said premises subject to the approval of the plans by the party
of the first part."

The lessee undertook to make alterations without the ap-
proval of the plans by the lessor.  They were not made be-
cause the landlord objected to the proposed changes, where-
upon the tenant refused to rent, claiming he had been evicted;
the landlord distrained and the tenant replevied the goods
which were not reclaimed.  On the trial the plaintiff was non-
suited.

The first assignment alleges for error that the nonsuit
should not have been granted, because "it appearing in evi-
dence, according to law, that the plaintiff was evicted from the
premises, was not permitted to occupy them as a restaurant
and that the plaintiff had the right to make the reasonable
improvements referred to in the evidence."

The second assignment is substantially the same as the first.

The third assignment challenges the correctness of the non-
suit because it appeared that the distress was illegal because

the value of the goods distrained was in excess of the lawful amount.

The first question is whether the refusal of the landlord to consent to the alterations proposed by the tenant amounts to an eviction. Our conclusion is that it does not. There is no express agreement in this lease that the building was to be made suitable for the business of the tenant, and it is well settled that none will be implied. *Murray* v. *Albertson,* 21 *Vroom* 167. By the written agreement between the parties the landlord leased the first floor and basement under it, of a store building, and the tenant agreed that he would not relet or underlet, nor assign the lease or use or permit any part of the premises to be used for any other purpose than a restaurant or lunch room without the written consent of the landlord, with a license to the tenant to make such improvements or alterations as the landlord might approve of. Thus the tenant bound himself before making any alterations to obtain the consent or approval of the landlord. That the owner of a building, in making a lease, has a right to restrict the permanent alterations of his building to such that he may approve of, would seem to be a reasonable and just privilege. A lessee, intending to make permanent alterations in the building which he leases, can protect himself against any misunderstanding or doubt by incorporating in the lease the nature and character of the proposed alterations. The objection of the landlord to the character of the alteration seems to us to have been a reasonable one, and therefore it is not necessary to determine whether an arbitrary objection would have justified the tenant in refusing to pay rent.

The landlord was entitled, under the agreement, to have only such alterations made as satisfied his taste or preference. and the contract carefully guards and protects his right in that regard. The alterations which. the tenant desired to make in the front of the building do not appear to have been necessary for its use for the purpose for which it was leased, but rather to make the entrance and front more attractive. The tenant was not deprived of the use of the premises be-

cause of the refusal of the landlord to consent to alterations proposed, and consequently there was no eviction.

If we are in error in considering the landlord's objection a reasonable one, nevertheless his refusal to consent did not entitle Whitcomb to remain in possession and enjoyment of the premises without payment of any rent, for the breach of this covenant did not amount to an eviction. The breach, if it was unauthorized, conferred a right of action for damages upon Whitcomb, but it gave him no right to continue to occupy the premises rent free.

The question as to the alleged excessive distress was not within the issue. In replevin the legality of the distress may be tried, provided there is no rent due, but if there is rent due, however small, and the distress is excessive in regard to the quantity of goods taken, or otherwise irregular, the remedy of the tenant must be had in an action on the case. *Cob. Repl.,* § 48.

The testimony of the only witness as to value was overruled by the court upon the ground that the witness was giving an opinion without showing any experience by purchase or otherwise that he was qualified. The court was justified in taking that course.

The judgment under review should be affirmed.