AALSETH, Respondent, v. SIMPSON, Appellant.

(231 N. W. 289.)

(File No. 6871. Opinion filed June 24, 1930.)

C. F. *Manson*, of White River, and *Windsor Doherty*, of Winner, for Appellant.

R. W. *Hutchinson*, of White River, and *M. Q. Sharpe*, of Kennebec, for Respondent.

BURCH, J. This is an action in claim and delivery to recover possession of mortgaged cattle for the purpose of foreclosing the mortgage. The mortgage was given to secure two notes dated April 4, 1925, one for $1,000 due November 27, 1925, and the other

for $3,607 due April 4, 1926. In the fall of 1925 some of the mortgaged cattle were shipped to Sioux City and sold, and the proceeds amounting to $1,131.70 were applied in full payment of the $1,000 note and a balance, $80.09, was indorsed on the $3,607 note. In the fall of 1926, some more of the cattle were sold to one Anderson for the sum of $3,210, and this amount was applied and indorsed on the $3,607 note. Plaintiff claims a balance of $747.20 due and unpaid. To collect this he is preparing to foreclose the mortgage, and brings this action to gain possession of the remaining mortgaged cattle. Defendant in his answer claims that by reason of certain subsequent transactions the entire note has been satisfied and paid. The items which he claims he is entitled to have credited and applied in payment of the note consist of $110 commission earned in buying cattle for plaintiff, $641.75 profit from a cattle deal owing from plaintiff to defendant, $250 for five head of the mortgaged cattle lost or disposed of by plaintiff, and $390 for cattle sold to Anderson. In explanation of the last item, defendant claims that plaintiff sold a bunch of the mortgaged cattle to Anderson without defendant's consent, and that they were reasonably worth $390 more than the amount for which they were sold. Therefore defendant demands credit on the note for that amount as a part of the proceeds of the mortgaged cattle. For the same reason he demands credit on the note for the third item of $250. His demand for credit on the note of the first two items is based on plaintiff's promise to so apply them. The above items were pleaded as an affirmative defense and also as a counterclaim.

Plaintiff replied to defendant's answer and counterclaim by setting up other items of account between the plaintiff and defendant which plaintiff claims are owing to him. The items of reply consist of $316.12 money advanced for feed and care of the mortgaged cattle, $126 for pasturing such cattle, $121.60 for oats purchased for the mortgaged cattle, $90 paid in the purchase of a bull and a cow for defendant, and $35 for expense in delivering some of the cattle to market. To justify the set-off of these items against the items of defense, plaintiff pleads a specific agreement whereby it was agreed by and between the plaintiff and defendant that plaintiff should advance money and feed for care of the mortgaged cattle to be repaid from the proceeds of such cattle when they were sold.

The learned trial judge permitted evidence over the objection of defendant concerning the items of the reply, and, at the conclusion of the evidence directed a verdict for plaintiff awarding him possession of the cattle for the purpose of foreclosure of the mortgage, stating as his reason that from the undisputed evidence there was an unpaid balance of the mortgage debt which entitled plaintiff to recover possession, and for that reason it was not necessary to determine the amount of such indebtedness nor for the jury to determine the disputed facts concerning the items of account. Judgment was entered and defendant appeals from the judgment and from an order denying his motion for new trial.

The principal question on this appeal raised, first by demurrer to the reply, and afterwards by objections to evidence in the course of the trial, is, Can the items of the reply be set off against the items of the defense and counterclaim? It is the contention of appellant that a chattel mortgage cannot be modified or altered by a subsequent oral agreement; that he, having given a chattel mortgage to secure a fixed indebtedness, is entitled to have all proceeds derived from the chattels securing the debt applied to a satisfaction of the debt, and further in this case that he is entitled to have such other items as were expressly promised to be applied also credited and paid upon the debt, and that such items cannot be reduced by subtracting therefrom unsecured items of open account. He contends that respondent, by pleading a specific agreement to advance money and feed to be repaid from the proceeds of the mortgaged chattels, is attempting to modify and alter the mortgage by parol agreement.

The reply does not disclose whether the specific agreement was written or oral, and that sufficiently answers appellant's exceptions to the order overruling the demurrer. As the record then stood, the court did not err in overruling the demurrer. However, the evidence disclosed that the claimed specific agreement was oral, and thus the quetsion is presented.

The main issue in claim and delivery is the right to possession. Other issues are incidental to the main issue and are material only as they affect the ultimate right of possession. If there is any part of the mortgage debt due and unpaid, then the mortgagee has a right of possession for foreclosure. Whitcomb v. Brant, 76 N. J. Law, 201, 68 A. 1102. The mortgagee's action

cannot be defeated by other indebtedness between the parties unless it affects the mortgage indebtedness so as to entirely wipe out the mortgage debt. Nor is it material that there may be indebtedness due from one party to the other not connected with and affecting the mortgage debt. Another issue which seems to have been misapprehended is the value to be adjudged and fixed in favor of plaintiff as an alternative judgment where he prevails and is unable to gain actual possession. Where plaintiff's right of possession is based upon ownership the value of the property is, of course, the measure of his alternative recovery. But where the right is based upon a special ownership or lien, the value of the right, if less than the value of the property, is all that may be recovered by way of alternative judgment. In this case respondent claimed as a mortgagee, the property was still in the possession of appellant under a redelivery undertaking, and to fix the amount of the alternative judgment it was necessary to determine the amount due under the mortgage. It was therefore necessary to try out the issues made by the pleadings.

■■ The items of the reply are not secured by the mortgage, unless the promise pleaded makes them so. Whether or not such a promise was made is in dispute, and, if material, was for the jury to find. But the evidence shows that the promise, if made, was oral. If the items could not be incorporated as a part of the secured debt by oral agreement then they cannot be considered on the theory pleaded, and that is the only theory on which we can here consider the items of the reply. Section 908, Rev. Code 1919, provides: "A contract in writing may be altered by a contract in writing, or by an executed oral agreement, and not otherwise."

To extend the provisions of a chattel mortgage to items of indebtedness not covered by the writing would be to alter the mortgage. This cannot be done except by a contract in writing or by an executed oral agreement. It is not claimed the agreement pleaded in the reply was in writing, nor is it an executed oral agreement within the meaning of the statute. Share v. Coats, 29 S. D. 603, 137 N. W. 402. The contract pleaded in the reply and urged by respondent is a grant of property to secure a debt. In no sense can the grant be said to be executed until actual application of the property or its proceeds in payment of the debt has been made. The reply presented no material issue in the action.

What issue does the answer present? The indebtedness secured by the mortgage was originally $4,607, evidenced by two notes. The $1,000 note was paid in full and the other note, $3,607, bore two indorsements, $80.09 and $3,210. Apparently a substantial balance remains due and unpaid. Appellant does not claim to have made any direct payments that have not been indorsed. His claim is, that there are other sums due him arising upon subsequent contract which respondent promised to apply in satisfaction of the mortgage debt and other sums arising from a conversion of the mortgaged cattle, all of which if applied to the mortgage debt would satisfy it. The answer pleads a state of facts, not showing actual payment, but which if all are proven entitle appellant to a decree satisfying the mortgage debt in full, thereby defeating respondent's right to possession. The learned trial judge should have submitted the case to the jury on the disputed facts of the answer.

There is another reason why the judgment cannot be affirmed. The jury found for the plaintiff on all the issues, and found the value of the property to be $2,200. The judgment is against the defendant and his sureties on a redelivery undertaking for the possession of the property or the value of plaintiff's interest fixed at $1,507.69. This judgment is plainly erroneous under the instruction of the court, where the amount of the mortgage debt was expressly reserved for future adjudication. Apparently the court without the jury considered the evidence, much of which was conflicting, and determined the amount due upon the mortgage as though the action were in equity to foreclose the mortgage.

The judgment and order appealed from are reversed.

BROWN, P. J., and POLLEY, SHERWOOD, and CAMPBELL, JJ., concur.